Michael A. Alfred, Esq., SBN 113716
Law Office of Michael A. Alfred
7220 Trade Street, Suite 101
San Diego, California 92121
(858) 566-6800

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RICHARD JOHN HAGEN, )   Case No.:   **'19 CV 1559 DMS MSB**
EUROMOTORWERKS, LLC DBA EURO )
MOTORWERKS, CARRIE E. SORRENTO )
aka CARRIE SORENTO-HAGEN aka )
CARRIE HAGEN, )

           Plaintiffs,

vs.

LAST CHANCE FUNDING, INC.,
ANDREW PARKER, MITCHELLY LEVY,
DAVID A. RENTTO, ROBERT L. RENTTO,
ESQ., RENTTO & RENTTO PLC, ADAM J.
FELDMAN and THE FELDMAN LAW
FIRM, P.C. and DOES 1 through 200

           Defendants.

**COMPLAINT SEEKING INJUNCTIVE
RELIEF, DECLARATORY RELIEF,
MONETARY DAMAGES, STATUTORY
DAMAGES, AND OTHER DAMAGES:**

1. **Violations of the 14th Amendment
   Due Process Clause of the US
   Constitution**
2. **Federal Trade Commission Act,
   Section 5**
3. **Federal and CA RICO Violations**
4. **Usury**
5. **Fair Debt Collection Practices Act
   and Rosenthal Fair Debt Collection
   Practices Act**
6. **Fraud**
7. **Injunctive Relief**
8. **Declaratory Relief**

**<u>DEMAND FOR JURY TRIAL</u>**
Judge:
Dept.:
Action Filed:
Trial Date: Not Set

Plaintiffs allege as follows:

**<u>PARTIES</u>**

1.      The Plaintiffs RICHARD JOHN HAGEN, CARRIE E. SORRENTO are natural persons who reside in California.  Individual plaintiffs are consumers engaged in federal interstate and/or foreign commerce and domestic and family support activities.  Plaintiffs EUROMOTORWERKS, LLC DBA EURO MOTORWERKS are business entities doing business in California.  Plaintiffs are engaged in activities that affect federal interstate and/or foreign commerce.

2.      Plaintiffs are informed and believe and thereon allege that Defendant LAST CHANCE FUNDING, INC. ("LCF") is a foreign corporation organized and existing in the state of New York and is a citizen of the state of New York doing business in federal interstate and/or foreign commerce.  LAST CHANCE FUNDING INC can be served by serving its attorney at 411 Hempstead Turnpike, West Hempstead, NY 11552.

3.      Plaintiffs are informed and believe and thereon allege that Defendant ANDREW PARKER is a natural person who resides in the State of New York and is otherwise sue juris who can be served through active legal counsel and/or at his office at 411 Hempstead Turnpike, West Hempstead, New York 11552 and is an active participant in Defendant LAST CHANCE FUNDING INC.'S fraudulent, usurious scheme and is believed to maintain a business office in California and in other states.

4.      Plaintiffs are informed and believe and thereon allege that Defendant MITCHELL LEVY is a natural person who resides in the State of New York and is otherwise sue juris who can be served through active legal counsel and/or at his office at 411 Hempstead Turnpike, West Hempstead, New York 11552 and is an active participant in Defendant LAST CHANCE FUNDING INC.'S fraudulent, usurious scheme and is believed to maintain a business office in California and in other states.

5.      Plaintiffs are informed and believe and thereon allege that Defendant ROBERT L. RENTTO is a natural person who resides in the State of California and is a citizen of California and is otherwise sui juris.  Defendant ROBERT L. RENTTO is a Professional Law Corporation,

a citizen of California,, organized and existing pursuant to the laws of California and a participant in and legal enabler of the defendant LAST CHANCE FUNDING INC.'s fraudulent, usurious scheme. Said defendants can be served at their office and principal place of business at 110 West C Street, Ste. 1503, San Diego, CA 92101.

6.   Plaintiffs are informed and believe and thereon allege that Defendant DAVID A. RENTTO is a natural person who resides in the State of California and is a citizen of California and is otherwise sui juris. Defendant DAVID A. RENTTO is a Professional Law Corporation, a citizen of California,, organized and existing pursuant to the laws of California and a participant in and legal enable of the defendant LAST CHANCE FUNDING INC.'s fraudulent, usurious scheme. Said defendants can be served at their office and principal place of business at 110 West C Street, Ste. 1503, San Diego, CA 92101.

7.   Plaintiffs are informed and believe and thereon allege that Defendant ADAM J. FELDMAN is a natural person who resides in the State of New York and is a citizen of New York and is otherwise sui juris. Defendant THE FELDMAN LAW FIRM, P.C. is a Professional Law Corporation, a citizen of New York, organized and existing pursuant to the laws of the state of New York and a participant in and legal enable of the defendant LAST CHANCE FUNDING INC.'s fraudulent, usurious scheme. Said defendants can be served at their office and principal place of business at 411 Hempstead Turnpike, West Hempstead, NY 11552.

## JURISDICTION AND VENUE

8.   This court has original jurisdiction pursuant to 15 U.S.C. §45(a)(1) in that the claims alleged herein arise under the laws of the United States, and:

      a.   The Federal RICO Statute, 18 U.S.C. §1964;

      b.   The Fair Debt Collection Practices Act, 15 U.S.C. §1692;

9.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 and 1391(b)(2)&(d) to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal claims and arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.

10.   The Court has jurisdiction over Plaintiffs' action for declaratory relief pursuant to

28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S.C. §2202 and Rule 65 of the Federal Rules of Civil Procedure.

11.     Venue is proper in the Southern District of California Pursuant to 28 U.S.C. §1391(b) (2) in that a substantial part of the events, or omissions giving rise to the claims occurred herein and a number of the Defendants reside or may be found here.

12.     Plaintiffs allege that at all times material herein, the activities, conduct, and/or omissions committed and/or engages in by the Defendants herein give rise to this action being instituted within this Federal District Court inasmuch as many of the Plaintiffs are citizens, consumers and residents of the County of San Diego, City of San Diego, State of California.

13.     Plaintiffs allege that the defendants are foreign and domestic citizens, residents, and/or conducting business in California, engages in a pattern of systematic fraudulent activities with Plaintiffs in this District, resulting in injury to Plaintiffs' respective interests in business or individual household assets and personal property. All agreements, if any, related to venue outside this District are null and void due to their fraudulent nature.

## PRELIMINARY STATEMENT

14.     Plaintiffs are individual consumers and business entities who were in need of some capital investment in their personal and business in order to fund family purchases and to fund ongoing business operation, purchase equipment and other assets to fund the capital needs of their businesses. All of the above-named Defendants caused Plaintiffs to enter into or are engaged in illegal collection activities for these predatory individual/business loans, which ultimately had no reasonable, tangible economic benefit for the Plaintiffs and have left them facing the loss of their businesses and financial ruin from Defendants illegal and unethical debt collection activities.

15.     Plaintiffs were not in an equal bargaining position with the Defendants at the time that these predatory loans were negotiated and executed. Plaintiffs were not represented by independent legal counsel at the time that these predatory loans were negotiated and executed. Plaintiffs were not advised that they would be voluntarily waiving their due-process rights of notice and an opportunity to be heard before a court can enter a judgment by confession.

Plaintiffs were not advised that they were entering individual loans under the guise of being business related loans.  Plaintiffs were not advised that the interest rates charged for these consumer/business loans were violative of Federal and State usury laws.

16.    In recognition of the abusive circumstances of their Confession of Judgment law in the state of New York, the legislature passed a new law stating that "…in recent years, creditors, often from out-of-state, have entered judgments in various New York counties against debtors who themselves are out-of-state small business owners with no connection to New York. This practice has resulted in some unscrupulous creditors using New York law and procedure to freeze and then seize debtor's assets based on a judgment entered in a venue far from where the agreement was executed and the parties reside, making it difficult for a debtor to contest abusive conduct by a debtor."  *Excerpt from New York State Senate Bill S6395.*

17.    Under the due process clause of the federal Constitution, a court may enter judgment against a defendant only if the record shows that either (**a) the defendant has received notice and an opportunity to be heard, or (b) the defendant has voluntarily, knowingly and intelligently waived his constitutional rights.**  *Isbell v. County of Sonoma S.F. No. 23604, Supreme Court of California, April 24, 1978.*  None of the Plaintiffs were noticed nor given an opportunity to be heard.  The Plaintiffs were not represented by legal counsel so they were not making a "knowing or intelligent" waiver of their constitutional rights.  The Confessions of Judgment are sham documents that are patently illegal.

18.    Under Federal Trade Commission Section 5: "It is an unfair act or practice within the meaning of Section 5 of the FTC act for a lender or retail installment seller directly or indirectly to take or receive from a consumer an obligation that: 1) Constitutes or contains a cognovit or confession of judgment (for purposes other than executory process in the State of Louisiana), warrant of attorney, or other waiver of the right to notice and the opportunity to be heard in the event of suit or process there on." *16 CFR 444.2*

19.    The cognovit utilized in each of these cases states: "I, individually, and on behalf of Merchant consent to the jurisdiction of this Court."  This wording makes it clear that each individual is consenting to the legal jurisdiction of the New York courts and will be personally

liable for the confession of judgment.  Individual consumers are the protected subjects of the FTC Act Section 5.  The specific usage of the word "individual" is a direct violation of FTC Section 5.

20.     Defendants made fraudulent misrepresentations that they were making merchant cash-advances (loaning money) to aid in the growth of these respective individuals and business entities.  Defendants knew that their real intention was to wrongfully induce these individuals and business entities into transactions that would solely benefit the Defendants.  In reality, this was an "illegal racket" to loan money in **violation of Federal and State RICO Laws** and to wrongfully default on the subject loans and to recover far more that the amount of the loans by using the confessed judgments.  See Article – " Sign Here to Lose Everything – Part 1- I Hereby Confess Judgment"  **EXHIBIT A**.

21.     On page 11 of Exhibit A, the lender had altered documents before they filed before they filed their confession of judgment documents with the court.  **EXHIBIT A – PAGE 11 and 11a.** The legal issue that the lender was attempting to hide was the fact that the individual owners qualify as "consumers".  Consumers are the protected targets of numerous Federal and State laws which are violated by the merchant cash-advance agreements.  By altering the names to show just the business names…the lender attempts to mislead the court so the lender can avoid the application of these laws as they proceed with the fraudulent scam to defraud and default these consumers who signed up for their illegal/usurious loans.

22.     In the present case, the Defendants are charging an excessive fee of 33.33% for legal fees.  These are excessive fees in light of the fact that the confession of judgment process in New York is purely a "rubber-stamp" process where every document is mass-produced by the Defendants and mass executed by a clerk of the court.  The company owns the law firm that processes the court documents as evidenced by the Attorney residing at the same address as the lender. **EXHIBIT B**.

23.     Likewise, individual consumers are the protected subjects of the various state Usury laws.  In the present case, the Confession of Judgment states specifically that, "I, individually, and on behalf of Merchant consent to the jurisdiction of this Court."  The word

"individual" is used in other paragraphs of the contracts and agreements.  **The use of the word "individual" is a fatal flaw within the contracts and agreements as it calls into legal consideration the plethora of consumer protection laws.**  By doing so, the excessive interest rates charged within the contracts and agreements **violate the state usury laws**.  In the present case, LCF advanced/loaned $92,500.  The designated payback amount was to be $134,125.  The designated daily payment was to be $2,980.56 via a preauthorized ACH agreement signed by the debtor.  The entire amount of the payback would be accomplished in 45 days.  The transaction could be repeated 8 times per year.  The designated interest of $41,625 would accumulate to $333,000 per year for an **APR of 360%** per year.  *This loan was doomed to fail right from the start.*  **EXHIBIT C.**

24.     The daily ACH withdrawals are the weapon of choice for collecting the repayments of the merchant cash-advances.  **EXHIBIT D**. The debtor will agree to an amount but should the debtor be successful in repaying the entire debt, the debtor will borrow an even higher amount with a more aggressive daily repayment schedule.  Rather quickly, the debtor becomes over-extended and the bank account becomes over-drawn.  The defaults began and the collection methods become oppressive.  Despite any efforts made to get LCF to reduce the daily amount of the ACH withdrawals, the amounts may temporarily go down but then they revert back to the unreasonable amounts.  See the email chain attached hereto as **EXHIBIT E**.  The amount of interest being charged will most likely exceed the profits being made in the business.  LCF now, technically, owns the business and makes unreasonable demands which cannot be met under any circumstances.

25.     According to 15 U.S.C. Section 1692a(5), a "debt" is "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *15 U.S.C. Section 1692a(5).*  By using the word "individual" and by engaging in post-judgement collection activity against the "named individuals" in the contracts along with "unnamed individuals" connected to the households of the judgment debtors, the creditors and agents of the creditors have engaged in

**unfair debt collection activities**.

26.     Plaintiffs bring this action seeking an order for rescission of the predatory loans in which they are trapped, injunctive relief, declaratory relief, monetary damages, as well as statutory and actual damages under the causes of actions outlined below.

## FACTUAL ALLEGATIONS

## IN RE RICHARD JOHN HAGEN, EURO MOTORWERKS, LLC DBA EURO MOTORWERKS AND JILL M HAGEN-CAMPOS

27.     On October 23, 2017, Plaintiff RICHARD JOHN HAGEN, individually, and on behalf of Euro Motorwerks, LLC DBA Euro Motorwerks ("Merchant"), executed a Merchant Agreement and associated Affidavit of Confession of Judgment to securitize future cash advances to be made from Defendant, LAST CHANCE FUNDING, LLC ("LCF").  The purchase price was $60,000 and the Purchase Amount was $88,200.  The Notary Stamp shows that RICHARD JOHN HAGEN personally appeared to sign the document.  There is no mention of EUROMOTORWERKS anywhere on the Notary Stamp. Technically, RICHARD JOHN HAGEN signed as an individual making the entire Confession of Judgment applicable to RICHARD JOHN HAGEN as an individual.  **EXHIBIT F.**

28.     On December 5, 2017, Plaintiff RICHARD JOHN HAGEN, individually, and on behalf of Euro Motorwerks, LLC DBA Euro Motorwerks ("Merchant"), executed a modified and updated Merchant Agreement and associated Affidavit of Confession of Judgment to securitize future cash advances to be made from Defendant, LAST CHANCE FUNDING, LLC ("LCF"). The purchase price was $92,500 and the Purchase Amount was $134,125.  The Notary Stamp shows that RICHARD JOHN HAGEN personally appeared to sign the document.  There is no mention of EUROMOTORWERKS anywhere on the Notary Stamp. Technically, RICHARD JOHN HAGEN signed as an individual making the entire Confession of Judgment applicable to RICHARD JOHN HAGEN as an individual.  **EXHIBIT G.**

29.     The agreed daily ACH payment of $2,980.56 was unpayable by Plaintiffs and their bank account was being over-drawn.  Accordingly, Plaintiffs negotiated with Defendants to reduce the daily ACH withdrawal amount to $250.  **EXHIBIT H**.  At the end of the trial period,

the ACH withdrawals reverted back to $2,980.56.  Once again, these payments were unaffordable by the Plaintiffs. **EXHIBIT C**.  Despite Plaintiffs good faith negotiations with Defendants, no agreement could be achieved to avoid eventual default.  **EXHIBIT E**.

30.     RICHARD JOHN HAGEN was not in an equal bargaining position with the LCF at the time that these predatory merchant cash-advance (loans) were negotiated and executed. RICHARD JOHN HAGEN was not represented by independent legal counsel at the time that these predatory loans were negotiated and executed.  RICHARD JOHN HAGEN was not advised that they would be voluntarily waiving his due-process rights of notice and an opportunity to be heard before a court can enter a judgment by confession. Neither RICHARD JOHN HAGEN nor CARRIE E. SORRENTO (RICHARD'S SPOUSE)  were advised that they were entering individual loans under the guise of being business related merchant cash-advance (loans). Neither RICHARD JOHN HAGEN nor CARRIE E. SORRENTO  were advised that the interest rates charged for these consumer/business loans were violative of Federal and State usury laws.  CARRIE E. SORRENTO was never advised that her personal assets would be levied upon should there be any default on any of the loans.  CARRIE E. SORRENTO never consented to have her personal assets exposed to any business-related loans nor did LCF ever attempt to obtain her consent, approval or signature.

31.     On or about January 22, 2018, ANDREW PARKER, President of LCF, executed a notarized AFFIDAVIT OF DEFAULT asserting a legal claim to the unpaid principal balance of $109,304.32, attorney fees of $36,431.13 and various and sundry fees. **EXHIBIT I**.

32.     On or about October 25, 2018, Maureen O'Connell, Clerk of the Court, certified the entry of the original judgement in Case No. 18-600900 on behalf of the County Clerk's Office, State of New York, County of Nassau.  No court proceedings were conducted.  No notice nor opportunity to defend was given to RICHARD JOHN HAGEN nor EUROMOTORWERKS nor CARRIE E. SORRENTO.  **EXHIBIT J**.

33.     On or about October 26, 2018, the Honorable Jerome C. Murphy, Justice of the Supreme Court of the State of New York, certified the exemplification of Maureen O'Connell.

34.     On or about October 30, 2081, Maureen O'Connell, Clerk of the Court, certified the preceding signature of the Honorable Jerome C. Murphy to the original judgement. **EXHIBIT J**.

35.     On January 7, 2019, Attorneys Robert L. Rentto and David A. Rentto filed an Enforcement of Judgment matter with the Clerk of the Superior Court of San Diego as Case No. 37-2019-00000846-CU-EN-CTL.  The Notice of Sister-State Judgment is in the total amount of $159,361.89.  **EXHIBIT K**.  As California is a community-property state, this judgement will be enforced against the business assets and assets which are primarily for personal, family, or household purposes.  Although the Rentto defendants were not directly involved in the center of the racket, they must be enjoined from becoming co-conspirators in the outer rungs of the racket. Any injunction or declaration that does not include all attorneys that are enforcing the illegal judgments would gut this lawsuit.

36.     On May 21, 2019, Attorneys Robert L. Rentto and David A. Rentto filed a Writ of Execution in Case No. 37-2019-00000846-CU-EN-CTL.  **EXHIBIT L**.

37.     On July 3, 2019, Attorneys Robert L. Rentto and David A. Rentto processed a Notice of Levy via the San Diego County Sheriff's Office.  **EXHIBIT M**.

38.     On August 12, 2019, a Notice of Levy Under Writ of Execution (Money Judgment) was executed against Euro Motorwerks, LLC dba Euro Motorwerks by Officer Woods, badge number 7730 on behalf of William D. Gore, Sheriff of San Diego County. **EXHIBIT N**.  The Sheriff's Deputy was present for the entire five (5) days of the business week of August 12, 2019 through August 16, 2019.

## FIRST CLAIM FOR RELIEF
### For Violations of the 14th Amendment Due Process Clause
### [Against LCF, ANDREW PARKER, MITCHELL LEVY,ADAM J. FELDMAN & THE FELDMAN LAW FIRM, P.C.]

39.     Plaintiffs re-allege and incorporate by reference the above paragraphs 9 through 31 above as though set forth fully herein.

40.     LCF conducted one-sided negotiations with the Plaintiffs.  In each instance, the Plaintiffs were not given any opportunity to renegotiate any of the terms of the form

contracts/agreements.

41.     Plaintiffs, in each instance, signed the contracts/agreements without the benefit of independent legal advice.

42.     LCF, in each instance, took money from the Plaintiffs bank accounts using a pre-signed ACH agreement.  Plaintiffs alleging that exorbitant amounts were taken causing over-drawn conditions at Plaintiff's bank.  LCF then claimed that Plaintiffs were in default under the contracts/agreements claiming excessive amounts beyond the amounts agreed to.

43.     LCF obtained legal a judgment by processing Confessions of Judgment in the State of New York.

44.     Plaintiffs were not notified of the legal proceedings in the State of New York.

45.     Plaintiffs suffered financial and emotional upset each time the LCF defendants performed the above illegal actions.

46.     Defendants ANDREW PARKER, MITCHELL LEVY, ADAM J. FELDMAN and THE FELDMAN LAW FIRM, P.C. were participants and enablers of defendant LCF's fraudulent, usurious scheme to unlawfully withdraw exorbitant sums of money from the Plaintiff's bank accounts.

47.     WHEREFORE, Plaintiffs pray for relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**For Violation of Federal Trade Commission Act, Section 5, 15 U.S.C. § 45(a)(1) et seq.**
**and/or the California Legal Remedies Act, Cal. Civ. Code § 1770 14, 19, 24(b)(3), 26**
**[Against LCF, ANDREW PARKER, MITCHELL LEVY,ADAM J. FELDMAN & THE**
**FELDMAN LAW FIRM, P.C.]**

48.     Plaintiffs  re-allege and incorporate by reference the above paragraphs 9 through 40 as though set forth fully herein.

49.     Under Federal Trade Commission Section 5: "It is an unfair act or practice within the meaning of Section 5 of the FTC act for a lender or retail installment seller directly or indirectly to take or receive from a consumer an obligation that: 1) Constitutes or contains a cognovit or confession of judgment (for purposes other than executory process in the State of Louisiana), warrant of attorney, or other waiver of the right to notice and the opportunity to be

heard in the event of suit or process there on." *16 CFR 444.2*

50.     The cognovit utilized in each of these cases states: "I, individually, and on behalf of Merchant consent to the jurisdiction of this Court."  This wording makes it clear that each individual is consenting to the legal jurisdiction of the New York courts and will be personally liable for the confession of judgment.  Individual consumers are the protected subjects of the FTC Act Section 5.  The specific usage of the word "individual" in the context of these purported business contracts/agreements is a direct violation of FTC Section 5.

51.     Courts should attempt to carry out the intent of Congress, which was to protect large consumer class by imposing a duty of those engaged in commerce to refrain from unfair or deceptive acts or practices in commerce. A breach of this duty to consumers should render the violator civilly liable to a member of the protected class.   15 U.S.C. § 45(a)(1) (1964)

52.     Under the CA Civil Code § 1770 (14):  Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.  To wit, Confessions of Judgments are illegal under FTC Section 5.  As used in this matter, Confessions of Judgment are prohibited against individuals in California.  *Isbell v. County of Sonoma* (S.F. No. 23604, Supreme Court of California, April 24, 1978.)

53.     Under the CA Civil Code § 1770 (19):  It is an unfair or deceptive act to insert an unconscionable provision in a contract.  The cognovit utilized in each of these cases states: "I, **individually**, and on behalf of Merchant consent to the jurisdiction of this Court."  This wording makes it clear that each individual is consenting to the legal jurisdiction of the New York courts and will be personally liable for the confession of judgment.  Individual consumers are the protected subjects of the FTC Act Section 5.  The specific usage of the word "individual" in the context of these purported business contracts/agreements is a direct violation of FTC Section 5. As used in this matter, Confessions of Judgment are prohibited against individuals in California. *Isbell v. County of Sonoma* (S.F. No. 23604, Supreme Court of California, April 24, 1978.)

54.     Under the CA Civil Code § 1770 (24)(b)(iii):  It is an unfair or deceptive act to insert an "unreasonable fee" in a contract. "Unreasonable fee" means a fee that is exorbitant and disproportionate to the services performed.  Factors to be considered, if appropriate, in determine

the reasonableness of a fee, are based on the circumstances existing at the time of the service and shall include, but not be limited to, all of the following: (I) Time and effort required…To wit, the Confession of Judgement authorized a "reasonable attorney fee in the liquidated amount equal to 33.33% of the amount confessed for judgment hereunder." To wit, the confession of judgment process is a form document filing coupled with a rubber-stamp process by the court clerk. There are no court appearances made  As such, the amount of 33.33% legal fee is totally unreasonable as the fee is exorbitant and disproportionate to the services performed.

55. Even if the court decides that there is no private right of action under FTC Section 5, FTC Section 5 could be "judicially noticed" as a predicate offense under the State UDAP laws.

### THIRD CLAIM FOR RELIEF

**Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 et seq. [Against LCF, ANDREW PARKER, MITCHELL LEVY, ROBERT L. RENNTO, DAVID A. RENNTO, ADAM J. FELDMAN & THE FELDMAN LAW FIRM, P.C.]**

56. Plaintiffs re-allege and incorporate by reference the above paragraphs  9 through 46 as though set forth fully herein.

57. Defendants formed an enterprise to fleece their customers of usurious interest; followed by filing illegal and spurious defaults; leading to exorbitant legal fees that are disproportionate to the services performed (for processing rubber-stamped illegal confessions of judgment, which require almost no legal intervention to process.) The final act of the enterprise is to levy on the illegal judgments obtained by taking any visible assets that the enterprise can liquidate to the joint and mutual benefit of the co-conspirators.

58. Defendants committed multiple predicate acts of "racketeering activity, including but not limited to:  wire fraud, mail fraud, bank fraud, theft by deception, fraud and misrepresentation, and violations of many state and federal laws.

59. Defendants have through a "pattern and practice" of racketeering activity, acquired or maintained, directly or indirectly, an interest in or control of an enterprise, property, including personal property, through the activities alleged herein.  Defendants have conspired

with each other to commit the wrongful acts alleged herein and has committed overt acts in furtherance of this conspiracy and have received a benefit from them.

60.     Defendants predicate acts were aimed and directed at Plaintiffs.

61.     Defendants violations of the various state and Federal RICO Acts have directly or indirectly damaged and continue to damage Plaintiffs and Plaintiffs are entitled to recover from Defendants treble damages and other relief authorized by the various Federal and state RICO Acts.

62.     Plaintiffs have been informed and believe that the attached potential list of witnesses have had similar experiences to those experienced by the Plaintiffs.  A few of these witnesses can and will testify as to their experiences either in the form of live testimony or via sworn affidavits.  **EXHIBIT O.**

**FOURTH CAUSE OF ACTION**
**Violation of USURY**
**[Against LCF, ANDREW PARKER, MITCHELL LEVY,ADAM J. FELDMAN & THE FELDMAN LAW FIRM, P.C.]**

63.     Plaintiffs repeat and re-allege and incorporate the above paragraphs as though fully set forth herein.

64.     For any loan or forbearance of any money, goods, or things in actions, if the money, goods or things in action are for use primarily for personal, family or household purposes, at a rate not exceeding 10% or other rate as stated in the state laws of the individual states, would violate the respective state usury laws.

65.     The Defendants charged rates far exceeding the legal rates of interest in each of the applicable states.  In this instance, Defendants would have earned an APR approximating **360%** based upon calculations from **Exhibit B**.

66.     The Defendants did not disclose the actual rates of interest charged.

67.     The Defendants would take money directly out of the bank accounts of the Plaintiffs so it became impossible to determine the exact rates of interest charges.

68.     The Defendants took liberties with the amount of interest charged as they were making individual loans under the guise of making business loans.  Business loans do not fall

under the laws of usury.

69.     The Plaintiffs signed each of the agreements as an individual and on behalf of the businesses (Merchant) that they represented.

70.     Individuals fall under the protected class of persons, protected by the Usury laws.

71.     The investigative reports that led to the change of the Confession of Judgment laws in New York disclosed that rates of 300 to 500% were being charged by many unscrupulous lenders.  Defendants, in each case, was charging these Plaintiffs far in excess of rates of usury subject to proof at trial.

72.     Plaintiffs have been damaged as a direct result of these violations of the USURY laws as set forth in this Complaint.

73.     Therefore, due to the repeated and continuing violations of USURY laws, Defendants are liable to Plaintiffs for actual damages in an amount to be determined at trial; and statutory damages as provided.

**FIFTH CAUSE OF ACTION**
**Fair Debt Collection Practices Act, 15 USC 1692including Cal. Civ. Code §1572,**
**[Against LCF, ANDREW PARKER, MITCHELL LEVY, ROBERT L.**
**RENTTO, DAVID A. RENTTO, ADAM J. FELDMAN & THE FELDMAN**
**LAW FIRM, P.C.]**

74.     Plaintiffs repeat and re-allege and incorporate the above paragraphs as though fully set forth herein.

75.     Under 15 USC 1692c: For purposes of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.  To wit, RICHARD JOHN HAGEN, signed the contracts as an individual and qualifies as a consumer.  CARRIE E. SORRENTO is the spouse of RICHARD JOHN HAGEN and qualifies as a consumer.

76.     Under 15 USC 1692d: A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The use or threat of use of violence or other criminal means to harm

the physical person, reputation, or property of any person. (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.  To wit, Defendant MITCHELL LEVY made threatening statements and profane statements to RICHARD JOHN HAGEN in violation of the spirit and intent of this section of the FDCPA. Defendant MITCHELL LEVY exclaimed that **"I am going to shut you down."**

77.     Under 15 USC 1692e: A debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt. (2) The false representation of (A) the character, amount, or legal status of any debt. (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. (5) the threat to take any action that cannot legally be taken or that is not intended to be taken.  To wit, Defendant ANDREW PARKER filed a false Affidavit of Default in this matter claiming a false and incorrect amount of the debt.  Defendants ROBERT RENTTO and DAVID A. RENTTO have filed a false and incorrect Writ of Execution claiming a false and incorrect amount of the debt.  Despite the levy upon the bank account of RICHARD JOHN HAGEN, the Defendants persist in demanding the full judgment amount of $159,361.89 despite the prior collections under the Writ of Execution.

78.     Under 15 USC 1692f:  A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. To wit, RICHARD JOHN HAGEN signed the agreements as an individual.  Accordingly, individual consumers are protected under the FTC, FDCPA and USURY laws. The Confession of Judgment is illegal and all sums collected and/or to be collected are ill gotten gains to LCF.

79.     Under 15 USC 1692i:  Any debt collector who brings any legal action on a debt against any consumer shall (2) in the case of an action not described in paragraph (1), bring such

action only in the judicial district or similar legal entity-(A) in which the consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action. RICHARD JOHN HAGEN, a resident of San Diego, CA, signed the agreements as an individual within the jurisdiction of San Diego, CA.  Accordingly, individual consumers are protected under the FTC, FDCPA and USURY laws. The Confession of Judgment stipulates that the legal filings will be made in the State of New York.  The is in direct conflict with FDCPA 15 USC 1692i which provides that the correct jurisdiction would be where the consumer resides (San Diego, California).

80.     Plaintiffs have been damaged as a direct result of these violations of the FDCPA and Rosenthal as set forth in this Complaint.

81.     Therefore, as provided by 15 U.S.C. §1692(k) due to the repeated and continuing violations of FDCPA, Defendants are liable to Plaintiffs for actual damages in an amount to be determined at trial; and statutory damages as provided.

### SIXTH CAUSE OF ACTION
**Fraud, including Cal. Civ. Code §1572**
**[Against LCF, ANDREW PARKER, MITCHELL LEVY, ADAM J. FELDMAN & THE FELDMAN LAW FIRM, P.C.]**

82.     At all relevant times herein, all Defendants, whether actually or fictitiously named, were the principal, agent or employee of  LCF and each other, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions as set forth in the Factual Allegations above and those hereinafter set forth by reason of which each Defendants is/are liable to Plaintiffs for the relief prayed for herein.

83.     When reference in this complaint is made to any  act or omission of all Defendants, such allegation shall be deemed to mean that LCF, ANDREW PARKER, MITCHELL LEVY, ROBERT L. RENTTO, DAVID A. RENTTO, ADAM J. FELDMAN AND THE FELDMAN LAW FIRM, P.C. were owners, officers directors, agents, employees, or representatives did or authorized such act or omission while engaged in the management, direction or control of the affairs of these Defendants and while acting within the scope and course of their duties.

84.     Defendants LCF, ANDREW PARKER, MITCHELL LEVY, ADAM J.

FELDMAN AND THE FELDMAN LAW FIRM, P.C. knowingly and intentionally made fraudulent representations and misrepresentations and omissions of material fact regarding multiple issues, mainly the terms and conditions of the cash advances; the validity of the Confession of Judgment; the total amount due under the loans/cash advances, the amount of legal fees charged, incurred and earned; the daily amounts to be taken directly from the Plaintiff's bank accounts; and the total interest, fees and expenses charged to the principal loan balance.

85.     It was the foregoing Defendants' objective to charge usurious interest rates under the guise of a business loan.  However, all documents clearly indicated that RICHARD J. HAGEN was signing all the documents as an "**individual and on behalf of the MERCHANT**."

86.     The foregoing Defendants made the misrepresentations and omissions of facts with the intent to deceive and defraud Plaintiffs for the purpose of inducing them to rely upon the fraudulent representations and to enter into illegal Confession of Judgment agreements which waived their constitution rights and to enter into usurious loan agreements.

87.     Plaintiffs did not know that the representations of the foregoing Defendants were false, were unaware of the concealed and suppressed intent and facts because they failed to provide them with sufficient information to make an independent determination of the facts, and actively prevented them from discovering the true and concealed facts.

88.     The misrepresentations were material in nature, as they concerned the terms and conditions of the cash advances; the validity of the Confession of Judgment; the total amount due under the loans/cash advances, the amount of legal fees charged, incurred and earned; the daily amounts to be taken directly from the Plaintiff's bank accounts; and the total interest, fees and expenses charged to the principal loan balance.

89.     Plaintiffs acted in reliance on the truth of the representations by executing the contracts, including the illegal Confession of Judgment, paying the usurious interest and allowing Defendants full access to making ACH withdrawals from his bank account, all to Plaintiff's detriment.

90.     Plaintiff's allowed Defendants to draft money directly from his Merchant bank

account.  Plaintiff agreed to allow drafts of $2,980.56 per day.  This was unaffordable for the Plaintiffs.  Defendants agreed to a decrease to $250 per day.  Within one weeks-time and **without any notice or agreement** from ROBERT JOHN HAGEN, Defendant MITCHELL LEVY began drafting $2,980.560 per day once again.  These final, unauthorized drafts against the Merchant bank account placed the bank account in an overdraft status and began returning checks unpaid due to insufficient funds.  On February 20, 2018, RICHARD JOHN HAGEN was forced to remove the bank draft privileges of LCF.  **EXHIBIT P.**  The drafts of $2,980.56 per day, had forced RICHARD JOHN HAGEN into a default position with LCF.

91.    Plaintiffs' reliance was justified because LCF, ANDREW PARKER, MITCHELL LEVY, ROBERT L. RENTTO, DAVID A. RENTTO, ADAM J. FELDMAN AND THE FELDMAN LAW FIRM, P.C.  claimed to be legitimate merchant cash-advance lenders whose primary interest was to assist in the growth and success of the Merchant Enterprises that that loaned money to.  Plaintiffs had no reason to disbelieve or distrust them.  However, the Defendants sole purpose was their own enrichment as the expense of the Plaintiffs.

92.    These Defendants' actions were willing, intentional and knowing, rendering the merchant cash-advance loan agreements null and void.

93.    There was a failure of consideration in this case as the Plaintiffs were never provided with a reasonable repayment schedule that would allow his business to repay his merchant cash-advances on a reasonable schedule. ROBERT JOHN HAGEN was wrongfully induced to enter into agreements that would eventually put his business into financial jeopardy and potential insolvency.

94.    Because of these Defendants' fraud by intentional misrepresentation and concealment, Plaintiffs should be entitled to rescind the merchant cash-advance agreements with LCF.  Moreover, LCF should be held accountable for damages and some form of punishment for the perpetration and its participation in a RICO scam.

95.    As a direct and proximate result of the foregoing Defendants' fraud, Plaintiffs have sustained, and continue to suffer serious injury as the proximate result of their reliance on Defendants' intentional misrepresentations and failures to disclose.

**VERIFIED MOTION FOR TEMPORARY INJUNCTIVE RELIEF**

**For Immediate Issuance of a Temporary Restraining Order and Preliminary and Permanent Injunctive Relief Pursuant to Rule 65 of the Federal Rules of Civil Procedure [Against All Defendants]**

96.     Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth fully herein.

97.     Defendants LCF, ANDREW PARKER, MITCHELL LEVY, ROBERT L. RENTTO, DAVID A. RENTTO, ADAM J. FELDMAN AND THE FELDMAN LAW FIRM, P.C.  do not have standing or enforceable rights to enforce the Confession of Judgment and other agreements as they were induced by fraud and violate many federal and state laws..

98.     It is within this Court's wide discretion to grant a request for a temporary restraining order and/or a preliminary injunction.  *Grand River Ent. Six Nations Ltd. V. Pryor*, 481 F.3d 60 (2nd Cir. 2007).  Generally, in order to warrant a court's intervention in the form of injunctive relief, "[t]he party seeking the injunction must demonstrate (1) irreparable harm should the injunction not be granted, and either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief>" *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir.1979).

99.     Defendants LCF, ANDREW PARKER, MITCHELL LEVY, ROBERT L. RENTTO, DAVID A. RENTTO, ADAM J. FELDMAN AND THE FELDMAN LAW FIRM, P.C.  do not have standing or enforceable rights to executed on a judgement illegally induced and obtained in the State of New York under false pretenses from Plaintiffs or Plaintiffs wife, including without limitation, conducting a trustee's sale relative to the property, evicting the tenant, harassing the tenant, or placing a lien on the assets and properties of tenant's business and household assets.

100.     Defendants LCF, ANDREW PARKER, MITCHELL LEVY, ROBERT L. RENTTO, DAVID A. RENTTO, ADAM J. FELDMAN AND THE FELDMAN LAW FIRM, P.C.  have threatened to, and unless restrained will, foreclose upon Plaintiffs business and conducting a lien sale on business assets.

101.    Any such actions by Defendants LCF, ANDREW PARKER, MITCHELL LEVY, ROBERT L. RENTTO, DAVID A. RENTTO, ADAM J. FELDMAN AND THE FELDMAN LAW FIRM, P.C.  would result in a new cause of action for "unjust enrichment," cause irreparable harm to Plaintiffs, and will cause pecuniary compensation which will not afford adequate relief because Plaintiffs' business enterprise and real property are unique.

102.    Injunctive relief is necessary to enjoin Defendants LCF, ANDREW PARKER, MITCHELL LEVY, ROBERT L. RENTTO, DAVID A. RENTTO, ADAM J. FELDMAN AND THE FELDMAN LAW FIRM, P.C.  from foreclosing upon Plaintiffs' business and/or homes or taking Plaintiffs rightful rents and property because these defendants lack standing and any enforceable rights.  In addition, there is a current case and controversy in existence concerning Plaintiffs' and Defendants LCF, ANDREW PARKER, MITCHELL LEVY, ROBERT L. RENTTO, DAVID A. RENTTO, ADAM J. FELDMAN AND THE FELDMAN LAW FIRM, P.C.  rights to the subject properties and business assets.

103.    By the actions described herein and as a proximate cause of the Defendants conduct, Plaintiffs were damaged in an amount to be proven at trial but not yet ascertained.

104.    Plaintiffs have no adequate remedy at law, and the conduct of these Defendants will further harm and destroy Plaintiffs' rights in their interest in business or property unless injunctive relief issues immediately forthwith.

105.    Plaintiffs petition this Honorable Court, pursuant to FRCP Rule 65 to immediately cause issuance of a temporary restraining order and preliminary and permanent injunctive relief to restrain and prohibit Defendants and their respective attorneys, accountants, agents, consultants, counselors, designees, employees, servants, deputies, nominees, representatives, directors, officers, trustees, partners, both general and limited, and any one acting pursuant to any power of attorney, general or limited, from dissipating and/or otherwise disposing of any and all properties, real and/or personal, including all monies, within their possession and control, pending resolution of these proceedings at trial.

**For Federal Declaratory Relief Pursuant to the Declaratory Judgment Act of 1946 and Rule 57 of the Federal Rules of Civil Procedure; Title 28 United States Code § 2201-2202 [Against All Defendants]**

106.    Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth fully herein.

107.    A judicial determination is necessary so that the parties may ascertain their rights, duties and right to title in the Subject Property.

108.    The parties desire that the court make a judicial determination as to their rights, duties and right to title in the Subject Property.

109.    Plaintiffs have complied with all terms and conditions thereof.  Any non-compliance by the Plaintiffs was intentionally caused by the illegal actions of all Defendants..

110.    Plaintiffs allege that an actual and justifiable controversy exists between the parties arising from the consummated Agreements inasmuch as Defendants LCF, ANDREW PARKER, MITCHELL LEVY,  ADAM J. FELDMAN AND THE FELDMAN LAW FIRM, P.C. have obtained an illegal judgment based upon an egregious violation of Plaintiff's Due Process rights and violations of numerous Federal and State laws.  As their final illegal act, all Defendants have domesticated their illegal  judgment in San Diego, California.  Defendants ROBERT L. RENTTO, DAVID A. RENTTO are executing on the New York State judgement against the Plaintiffs' business and personal assets.  MITCHELL LEVY had proclaimed **"I will shut you (RICHARD JOHN HAGEN) down"**.  The subsequent actions taken are designed to shut EURO MOTORWERKS down and to force RICHARD JOHN HAGEN and his spouse, CARRIE E. SORRENTO out of business and into bankruptcy.  Defendants have placed a Sheriff Keeper to perform a business levy at EURO MOTORWERKS for the entire week commencing August 12, 2019.  This Sheriff Levy at a car dealership has had such chilling effect on business that no car sales have been closed during the entire week.

111.    Defendants are fully aware that the State of New York passed New York Senate Bill S6395 to end the use of confessions of judgments by unscrupulous creditors to freeze then seize debtor's assets based on a judgment entered in a venue far from where the agreement was executed and the parties reside, making it difficult for a debtor to contest abusive conduct by a creditor.  **EXHIBIT Q.**  It's Official, The Confession of Judgment Era is Over.  **EXHIBIT R.** All Defendants should be foreclosed from exercising any further illegal collection activities

inasmuch as Plaintiffs allege that Plaintiffs executed Agreements based upon unconstitutional and fraudulent representations and material omissions relative to the merchant cash-advance agreements, as alleged herein above.

112.   In particular, an actual and justifiable controversy exists in that Plaintiffs contend:

a.   Defendants violated the due process rights of the Plaintiffs in that they processed legal proceedings in the State of New York without affording the Plaintiffs the opportunity for "Notice" and an opportunity to attend the "Hearing".  Under the due process clause of the federal Constitution, a court may enter judgment against a defendant only if the record shows that (a) the defendant has received notice and an opportunity to be heard, or (b) the defendant voluntarily, knowingly and intelligently waived his constitutional rights.  *Isbell v. County of Sonoma S.F. No. 23604, Supreme Court of California, April 24, 1978* ;

b.   Defendants violated FTC Rule 5.  Under FTC Rule 5:  "It is an unfair act or practice with the meaning of Section 5 of the FTC act for a lender or retail installment seller directly or indirectly to take or receive from a consumer an obligation that: 1) Constitutes of contains a cognovit or confession of judgment.." *16 CFR 444.2*  The cognovit utilized in each agreement signed by the Plaintiffs states:  **"I, individually, and on behalf of Merchant consent to the jurisdiction of this Court."**  Individual consumers are the protected subjects of the FTC Act Section 5.

c.   Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Section 1961 et seq as more fully set forth in the Third Claim for Relief.

d.   Defendants violated various Federal and State Usury laws as set forth in the Fourth Claim for Relief.  Individual consumers are the protected subjects of these various Usury laws.

e.   Defendants violated various and numerous sections of the Fair Debt Collection Practices Act, 15 USC 1692 including Cal. Civ. Code 1572 as more fully set forth in the Fifth Claim for Relief.  Individual consumers are the protected subjects of the FDCPA.

f.   That HOAs committed fraud against Plaintiffs as more fully set forth in the Sixth Claim for Relief.

g.   Defendants have engaged in a "pattern and practice" of predatory lending. We are prepared to call a long list of potential witnesses who will testify as the illegal practices engaged in by these Defendants.  **EXHIBIT O.**

113.   Plaintiff desires a judicial determination of Defendant's rights, obligations and duties and a declaration as to who owns Plaintiffs' Subject Property in order to resolve both the current controversy and prevent future controversies which are likely to occur.

114.   Plaintiffs petition this Honorable Court to enter declaratory judgment to nullify and render void of legal sufficiency said Agreements or any other alleged obligations of Plaintiffs resulting from the Defendants breached promises, pursuant to Title 28 United States Code Sections 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure, for the reasons alleged heretofore.

115.   Plaintiffs petition this Honorable Court to grant injunctive relief for Plaintiffs against Defendants as more fully alleged in the Twelfth Claim for Relief.

116.   By the actions described herein and as a proximate cause of Defendant's conduct, Plaintiffs were damaged in an amount to be proven at trial but not yet ascertained.

117.   Plaintiffs' further request recovery of attorneys' fees and costs incurred herein in connection with prosecuting this federal declaratory relief claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each and every one of them, as follows:

1)   That the Court assume supplemental jurisdiction over all state law claims, pursuant to 28 U.S.C. §1367.

2) For federal declaratory relief pursuant to the Declaratory Judgment Act of 1946 [Title 28 U.S.C. §2201-2202];

3) Grant actual, statutory, treble damages or punitive damages, costs of this action and a reasonable attorney's fee to Plaintiffs and against Defendants.

4) Enter an Order requiring Defendants to pay both pre-judgment and post judgment interests on any amounts awarded.

5) Grant restitution and such other and further relief as the Court deems equitable, appropriate and just.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand that this case be tried before a jury pursuant to the Seventh Amendment of the Constitution of the United States of America, *Rule 38(b) of the Federal Rules of Civil Procedure*, and *Local Civil Rule 38.1* of the Local Civil Rules of the United States District Court for the Southern District of California.

Dated: August 19, 2019                     LAW OFFICE OF MICHAEL A. ALFRED

By: _____

Michael A. Alfred
Attorney for Plaintiffs

## VERIFICATION

Plaintiff, RICHARD JOHN HAGEN, on behalf of himself and EUROMOTORWERKS, LLC DBA EURO MOTORWERKS, hereby affirms that the facts and allegations contained herein are true and correct. Affirmed on August 19, 2019.

By: _____

Richard John Hagen, Affiant

## TABLE OF EXHIBITS

Exhibit A – SIGN HERE TO LOSE EVERYTHING – PART 1

Exhibit B – SUBPOENA ISSUED BY ADAM J. FELDMAN, ESQ.

Exhibit C – LCF ACH DEBIT LIST

Exhibit D – AUTHORIZATION TO INITIATE ACH ENTRIES FORM

Exhibit E – EMAIL COMMUNICATIONS LCF & RICHARD JOHN HAGEN

Exhibit F – LCF MERCHANT AGMT/CONFESSION OF JUDGMENT-10/2017

Exhibit G - LCF MERCHANT AGMT/CONFESSION OF JUDGMENT-12/2017

Exhibit H - AUTHORIZATION TO INITIATE ACH ENTRIES FORM

Exhibit I – AFFIDAVIT OF DEFAULT

Exhibit J - DEFAULT

Exhibit K – ENFORCEMENT OF JUDGEMENT – 37-2019-00000846

Exhibit L – WRIT OF EXECUTION

Exhibit M – NOTICE OF LEVY

Exhibit N – SHERIFF BUSINESS LEVY – (8/12/19 THROUGH 8/16/19)

Exhibit O – WITNESS LIST

EXHIBIT P – ACH STOP PAYMENT

EXHIBIT Q – NEW YORK SENATE BILL S6395

EXHIBIT R- IT'S OFFICIAL, THE CONFESSION OF JUDGMENT ERA IS OVER