1  John P. Girarde – 191518
   jgirarde@mpbf.com
2  Kevin D. Cardona – 314033
   kcardona@mpbf.com
3  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
4  San Francisco, CA  94108-5530
   Tel:   (415) 788-1900
5  Fax:   (415) 393-8087

6  Attorneys for Defendants
   **DAVID A. RENTTO, ROBERT L. RENTTO,**
7  **and RENTTO & RENTTO PLC**

8

9               **IN THE UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  RICHARD JOHN HAGEN,                    Case No.: 3:19-CV-01559 DMS MSB
    EUROMOTORWERKS, LLC DBA EURO
13  MOTORWERKS, CARRIE E. SORRENTO        **DEFENDANTS DAVID A. RENTTO,**
    aka CARRIE SORENTO-HAGEN aka          **ROBERT L. RENTTO, AND**
14  CARRIE HAGEN                          **RENTTO & RENTTO PLC'S**
                                          **NOTICE OF MOTION AND**
15       Plaintiffs,                      **MOTION TO DISMISS FIRST**
                                          **AMENDED COMPLAINT**
16  v.                                    **PURSUANT TO FRCP 12(b)(1) FOR**
                                          **LACK OF SUBJECT MATTER**
17  LAST CHANCE FUNDING, INC.,            **JURISDICTION, AND FRCP 12(b)(6)**
    YELLOWSTONE CAPITAL WEST LLC,         **FOR FAILURE TO STATE A**
18  VADIM SEREBRO, ESQ., ANDREW           **CLAIM UPON WHICH RELIEF**
    PARKER, MITCHELLY LEVY, DAVID         **CAN BE GRANTED;**
19  A. RENTTO, ROBERT L. RENTTO, ESQ.,    **MEMORANDUM OF POINTS AND**
    RENTTO & RENTTO PLC, ADAM J.          **AUTHORITIES IN SUPPORT**
20  FELDMAN and THE FELDMAN LAW
    FIRM, P.C. and Does 1 through 200,
21
         Defendants.                      Date:   TBD
22                                        Time:   1:30 p.m.
                                          Court:  Courtroom 13A
23                                        Judge:  Hon. Dana M. Sabraw

24

25

26

27

28

───────────────────────────────────────────────

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT ....................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................4

I.   INTRODUCTION ............................................................4

II.  SUMMARY OF FACTS ......................................................7

    A.   The Underlying Enforcement Action ...............................7

    B.   PLAINTIFFS' Motion to Vacate the Entry of Judgment in San
        Diego County Superior Court: .....................................8

III. LEGAL ARGUMENT .........................................................9

    A.   PURSUANT TO FRCP 12(b)(1), PLAINTIFFS' FAC AGAINST
        DAVID, ROBERT, AND RENTTO PLC SHOULD BE
        DISMISSED FOR LACK OF SUBJECT MATTER
        JURISDICTION UNDER THE *ROOKER-FELDMAN* DOCTRINE: ........9

        1.   The legal standard for a motion to dismiss under FRCP
            12(b)(1): ....................................................9

        2.   PLAINTIFFS are attempting a *de facto* appeal from the San
            Diego County Superior Court's prior judgment in the
            Underlying Enforcement Action, and thus the *Rooker-
            Feldman* doctrine prohibits this Court from exercising subject-
            matter jurisdiction over PLAINTIFFS claims: ................11

    B.   PURSUANT TO FRCP 12(b)(6), THE FAC SHOULD BE
        DISMISSED FOR FAILURE TO STATE A CLAIM UPON
        WHICH RELIEF MAY BE GRANTED .............................14

        1.   The legal standard for a motion to dismiss pursuant to FRCP
            12(b)(6): ...................................................14

        2.   PLAINTIFFS' claims against DAVID, ROBERT, and
            RENTTO PLC arise from judicial proceedings in the
            Underlying Enforcement Action, and thus are barred as a
            matter of law by the *Noerr–Pennington* doctrine: ...........15

        3.   PLAINTIFFS' state law claims against DAVID, ROBERT,
            and RENTTO PLC arise from their alleged representational
            misconduct in the Underlying Enforcement Action, and thus
            are barred as a matter of law by the California Civil Code
            § 47(b) "litigation privilege": ...............................17

- i -

# TABLE OF CONTENTS
(continued)

|  |  | Page |
|---|---|---|
| 4. | PLAINTIFFS' claims against DAVID, ROBERT, and RENTTO PLC under the FDCPA and Rosenthal Act are legally deficient because they are not "debt collectors": | 22 |
| 5. | PLAINTIFFS' claims under the FDCPA are legally deficient because the defaulted debt is not "consumer debt", as defined in the FDCPA: | 24 |
| 6. | Because both the Underlying Enforcement Action and this federal action arise from the same "transactional nucleus of facts," PLAINTIFFS' FAC against DAVID, ROBERT, and RENTTO PLC is barred under the doctrine of res judicata: | 26 |
| C. | PLAINTIFFS' FAC CANNOT BE SAVED BY AMENDMENT, THUS DISMISSAL WITHOUT LEAVE TO AMEND IS WARRANTED: | 27 |
| IV. | CONCLUSION | 27 |

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ashcroft v. Iqbal*
129 S. Ct. 1937 (2009) ............................................................................ 15, 20

*Association of Am. Med. Colleges v. United States*
217 F.3d 770 (9th Cir. 2000) ................................................................... 10

*Balistreri v. Pacifica Police Department*
855 F.2d 1421 (9th Cir. 1988) ............................................................... 14, 15

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544
127 S. Ct. 1955 (2007) ............................................................................ 15

*Bianchi v. Rylaarsdam*
334 F.3d 895 (9th Cir. 2003) ................................................................... 12

*Billingsley v. Comm'r*
868 F.2d 1081 (9th Cir. 1989) ................................................................. 10

*Block v. Sacramento Clinical Labs, Inc.*
131 Cal.App.3d 386 (1982) ..................................................................... 19

*Bloom v. I.C. Sys., Inc.*
972 F.2d 1067 (9th Cir. 1992) ................................................................. 25

*Boon v. Prof'l Collection Consultants*
958 F.Supp.2d 1129 (S.D. Cal. 2013) ..................................................... 22

*California Transport v. Trucking Unlimited*
404 U.S. 508 (1972) ................................................................................ 16

*Capital Trust v. Tri-National Dev. Corp.*
103 Cal.App.4th 824 (2002) ...................................................................... 8

*Carden v. Getzoff*
(1987) 190 Cal.App.3d 907 ..................................................................... 21

- iii -

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Carmona v. Carmona*
   603 F.3d 1041 (9th Cir. 2010) ........................................................ 11, 12

*Columbia Pictures Industries, Inc. v. Professional Real Estate Investors, Inc.*
   944 F.2d 1525 (9th Cir. 1991) .......................................................... 17

*Commissioner of Internal Revenue v. Sunnen*
   333 U.S. 591 (1948)........................................................................ 26

*Conley v. Gibson*
   355 U.S. 41 (1957) ......................................................................... 14

*Dack v. Shanman*
   227 F.Supp. 26 (S.D.N.Y. 1964)..................................................... 14

*District of Columbia Ct. of Appeals v. Feldman*
   460 U.S. 462 (1983)........................................................................ 11

*Doe & Assoc. Law Offices v. Napolitano*
   252 F.3d 1026 (9th Cir. 2001) ........................................................ 11

*Doe v. Mann*
   415 F.3d 1038 (9th Cir. 2005) ........................................................ 12

*Dubinka v. Judges of Sup.Ct.*
   23 F.3d 218 (9th Cir. 1994) ............................................................ 11

*Durning v. First Boston Corp.*
   815 F.2d 1265 (9th Cir. 1987) ........................................................ 15

*Empress LLC v. City & County of S.F.*
   419 F.3d 1052 (9th Cir.2005) ......................................................... 16

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*
   544 U.S. 280 (2005)........................................................................ 11

*Freeman v. Lasky, Haas & Cohler*
   410 F.3d 1180 (9th Cir. 2005) ........................................................ 16

DEFENDANT HERMAN CLYDE LONG'S NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(1) AND 12(b)(6)

**TABLE OF AUTHORITIES**
(continued)

Page

*Friends of Frederick Seig Grove 94 v. Sonoma County Water Agency*
   124 F.Supp.2d 1161 (N.D. Cal. 2000) ............................................................ 10

*Gadda v. State Bar of Cal.*
   511 F.3d 933 (9th Cir. 2007) .......................................................................... 27

*Gillespie v. Civiletti*
   629 F.2d 637 (9th Cir. 1980) .......................................................................... 14

*Heintz v. Jenkins*
   514 U.S. 291 (1995) ........................................................................................ 22

*Hunsucker v. Sunnyvale Hilton Inn*
   23 Cal.App.4th 1498 (1994) ........................................................................... 18

*Huy Thanh Vo v. Nelson & Kennard*
   931 F.Supp.2d 1080 (E.D. Cal. 2013) ............................................................ 24

*Ines v. Countrywide Home Loans*
   2008 WL 4791863 at *3-4
   (S.D. Cal. Nov. 3, 2008) ................................................................................. 23

*Isbell v. County of Sonoma*
   21 Cal.3d 61 (1978) .................................................................................... 8, 13

*Johnson v. DeGrandy*
   512 U.S. 997 (1994),
   *cert. denied*, 547 U.S. 1111 (2006) ................................................................ 12

*Kearney v. Foley and Lardner*
   553 F.Supp.2d 1178 (S.D. Cal. 2008) ............................................................ 16

*Lopez Reyes v. Kenosian & Miele, LLP*
   525 F.Supp.2d 1158 (N.D. Cal. 2007) ............................................................ 22

*Ludwig v. Superior Court*
   37 Cal.App.4th 8 (1995) ................................................................................. 16

*McCarthy v. Mayo*
   827 F.2d 1310 (9th Cir. 1987) ........................................................................ 15

- v -

# TABLE OF AUTHORITIES
(continued)

Page

*Noel v. Hall*
   341 F.3d 1148 (9th Cir. 2003) ........................................................... 11

*Noll v. Carlson*
   809 F.2d 1446 (9th Cir. 1987) ........................................................... 27

*Pettitt v. Levy*
   (1972) 28 Cal.App.3d 484 ................................................................. 22

*Portman v. George McDonald Law Corp.*
   99 Cal.App.3d 988 (1979) ................................................................. 18

*Premier Med. Mgmt. Sys., Inc. v. California Ins. Guar. Ass'n*
   136 Cal.App.4th 464 (2006) .............................................................. 17

*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.*
   136 Cal.App.4th 464 (2006) .............................................................. 16

*Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*
   508 U.S. 49 (1993) ............................................................................. 15

*Red Fox v. Red Fox*
   564 F.2d 361 (9th Cir. 1977) ............................................................. 26

*Reusser v. Wachovia Bank, N.A.*
   525 F.3d 855 (9th Cir. 2008) ............................................................. 12

*Roberts v. Corrothers*
   812 F.2d 1173 (9th Cir. 1987) ........................................................... 10

*Romine v. Diversified Collection Servs.*
   155 F.3d 1142 (9th Cir. 1998) ........................................................... 22

*Rooker v. Fidelity Trust Co.*
   263 U.S. 413 (1923) ........................................................................... 11

*Rosenthal v. Irell & Manella*
   135 Cal.App.3d 121 (1982) ............................................................... 18

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Rubin v. Green*
4 Cal.4th 1187 (1993) ........................................................................ 18

*Safe Air for Everyone v. Meyer*
373 F.3d 1035 (9th Cir. 2004) ........................................................... 10

*Silberg v. Anderson*
50 Cal.3d 205 (1990) ......................................................... 18, 19, 21, 22

*Sosa v. DirectTV, Inc.*
437 F.3d 923 (9th Cir.2006) ............................................................... 15

*Steiner v. Eikerling*
(1986) 181 Cal.App.3d 639 ................................................................ 21

*Stevenson v. International Paper Co.*
516 F.2d 103, 109 (5th Cir. 1975) ..................................................... 26

*Stinson v. Home Insurance Co.*
690 F.Supp. 882 (N.D. CA 1988) ...................................................... 14

*Stock W, Inc. v. Confederated Tribes*
873 F.2d 1221 (9th Cir. 1989) ........................................................... 10

*Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*
298 F.3d 1137 (9th Cir. 2002) ........................................................... 26

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*
322 F.3d 1064 (9th Cir. 2003) ........................................................... 26

*Theme Prods., Inc. v. News Am. Mktg. FSI*
546 F.3d 991 (9th Cir. 2008) ............................................................. 16

*Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*
594 F.2d 730 (9th Cir. 1979) ............................................................. 10

*Thornton v. Rhodan*
245 Cal.App.2d 80 (1966) .................................................................. 20

- vii -

# TABLE OF AUTHORITIES
(continued)

**Page**

*United States ex rel. Barajas v. Northrop Corp.*
   147 F.3d 905 (9th Cir. 1998) ........................................................ 26

*Western Mining Council v. Watt*
   643 F.2d 618 (9th Cir. 1981) ........................................................ 15

**Statutes**

15 U.S.C.
   § 1692a(3) ........................................................................ 24
   § 1692a(5) ........................................................................ 24
   § 1692a(6) ................................................................ 2, 22, 23

California Civil Code
   § 47(b) .................................................... 2, 6, 17, 19, 21
   § 1788 *et seq.* .................................................................. 23
   § 1788.2(c) ................................................................ 2, 24

California Code of Civil Procedure
   § 425.16 .......................................................................... 16

**Rules**

Federal Rules of Civil Procedure
   Rule 12(b)(1) ............................................ 1, 2, 6, 9, 10
   Rule 12(b)(6) ....................................... 2, 6, 10, 14, 15

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined by the Court, at 1:30 p.m., before the Honorable Dana M. Sabraw, in Courtroom 13A, 13th Floor of the United States District Court for the Southern District of California, located at 333 West Broadway Ste. 1310, San Diego, CA, 92101, Defendants DAVID A. RENTTO ("DAVID"), ROBERT L. RENTTO ("ROBERT"), and RENTTO & RENTTO PLC ("RENTTO PLC") will move this Court for an order dismissing the First Amended Complaint ("FAC") of Plaintiffs RICHARD JOHN HAGEN ("HAGEN"), EUROMOTORWERKS, LLC DBA EUROMOTORWERKS ("EUROMOTORWERKS"), and CARRIE E. SORRENTO ("SORRENTO") (collectively "PLAINTIFFS") pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(1), for lack of subject matter jurisdiction; and Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

Defendants DAVID and ROBERT are attorneys that together operate a law practice as RENTTO & RENTTO PLC in San Diego, California. DAVID and ROBERT, and by extension RENTTO PLC, are being sued in this action for alleged federal and California Racketeer Influenced and Corrupt Organizations Act violations (Cause of Action No. 3), violations of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act (Cause of Action No. 5), and for fraud (Cause of Action No. 6).

These groundless claims against DAVID, ROBERT, and RENTTO PLC arise from their domestication and enforcement of a default judgment in San Diego Superior Court (*Last Chance Funding, Inc. v. Euro Motorwerks, LLC dba Euro Motorwerks and Richard John Hagen*, San Diego County Superior Court, Case No. 37-2019-00000846-CU-EN-CTL) (the "Underlying Enforcement Action") that was originally filed against PLAINTIFFS in the state of New York by Defendants ADAM J. FELDMAN and THE FELDMAN LAW FIRM, P.C. on behalf of Defendant LAST CHANCE FUNDING, INC ("LCF"), the creditor. Contrary to PLAINTIFFS' allegations, DAVID, ROBERT, and RENTTO PLC did not participate in any "fraudulent, usurious scheme" with the other

- 1 -

1  named Defendants.  Rather, their involvement with LCF and the other Defendants was

2  limited to domesticating and enforcing a New York judgment in California. [DAVID and

3  ROBERT Affidavit ¶¶ 3, 6.]

4      Pursuant to FRCP 12(b)(1), PLAINTIFFS' FAC should be dismissed without leave

5  to amend as to the Third, Fifth and Sixth Causes of Action against Defendants DAVID,

6  ROBERT, and RENTTO PLC for lack of subject matter jurisdiction, on the grounds that

7  Plaintiffs' FAC is a *de facto* appeal from the San Diego County Superior Court's denial

8  of HAGEN and EURO MOTORWERKS, LLC's joint motion to vacate the judgment,

9  and because the *Rooker-Feldman* doctrine prohibits this Court from exercising subject-

10 matter jurisdiction over PLAINTIFFS' claims.

11     Moreover, pursuant to FRCP 12(b)(6), PLAINTIFFS' FAC should be dismissed

12 against DAVID, ROBERT, and RENTTO PLC without leave to amend for failing to state

13 a claim upon which relief may be granted, on the following grounds:

14     •   PLAINTIFFS' claims in the FAC arise from judicial proceedings in the

15 Underlying Enforcement Action, and thus are barred as a matter of law by the *Noerr–*

16 *Pennington* doctrine; and

17     •   PLAINTIFFS' state law claims in the FAC against DAVID, ROBERT, and

18 RENTTO PLC arise from their alleged representational misconduct in the filings and

19 motion practice in the Underlying Enforcement Action. Those claims are barred as a

20 matter of law by the California Civil Code § 47(b) "litigation privilege."

21     •   PLAINTIFFS' claims for violation of the FDCPA and the Rosenthal Act in

22 Cause of Action No. 5 are deficient and subject to dismissal because DAVID and

23 ROBERT are not "debt collectors" as defined in 15 U.S.C. § 1692a(6) and California

24 Civil Code § 1788.2(c), respectively.

25     •   PLAINTIFFS' claims for violation of the FDCPA in Cause of Action No. 5

26 are also deficient and subject to dismissal because the debt collected in the Underlying

27 Enforcement Action is commercial debt, not consumer debt.

28

1      •    Because both the Underlying Enforcement Action and this federal action

2  arise from the same "transactional nucleus of facts," i.e. the facts giving rise to LCF's

3  default judgment against PLAINTIFFS, PLAINTIFFS' FAC against DAVID, ROBERT,

4  and RENTTO PLC is barred under the doctrine of res judicata;

5      It is apparent from the allegations of the FAC, the exhibits thereto, the documents

6  subject to judicial notice, the nature of the claims against DAVID, ROBERT, and

7  RENTTO PLC, and the applicable legal defenses that PLAINTIFFS' FAC as to the Third,

8  Fifth, and Sixth Causes of Action cannot be saved by amendment, and should therefore

9  be dismissed without leave to amend.

10     This Motion is based upon this Notice of Motion; the Memorandum of Points and

11  Authorities in Support; the Affidavits of David A. Rentto and Robert L. Rentto in Support,

12  with attached Exhibits A-D; the Request for Judicial Notice in Support; the complete files

13  and records in this action; the oral argument of counsel; and upon such other and further

14  evidence as the Court might deem proper.

15     Respectfully submitted,

16  Dated: September 25, 2019        MURPHY, PEARSON, BRADLEY & FEENEY

By      */s/ John P. Girarde*
      John P. Girarde
      Attorneys for Defendants
      DAVID A. RENTTO; ROBERT L. RENTTO;
      and RENTTO & RENTTO PLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This case does not belong in federal court, and neither do the defendant attorneys. It is Plaintiffs' futile attempt to relitigate, under the guise of new federal question claims, a state court judgment that was validly enforced and levied upon after Plaintiffs' unsuccessful motion to vacate the judgment.

Plaintiffs RICHARD JOHN HAGEN ("HAGEN"), EUROMOTORWERKS, LLC DBA EUROMOTORWERKS ("EUROMOTORWERKS"), and CARRIE E. SORRENTO ("SORRENTO") (collectively "PLAINTIFFS") failed to plead any claim against Defendants DAVID A. RENTTO ("DAVID"), ROBERT L. RENTTO ("ROBERT"), and RENTTO & RENTTO PLC ("RENTTO PLC") upon which relief may be granted because all of PLAINTIFFS' claims are barred, as a matter of law, by a multiplicity of defenses, and because this Court lacks subject matter jurisdiction over this action, given the pleaded claims in the First Amended Complaint ("FAC").

As an initial matter, RENTTO PLC is a named Defendant in the caption of the FAC, but there are no allegations against RENTTO PLC in the body of the FAC, or in any cause of action. For this reason alone, the FAC against RENTTO PLC must be dismissed for failure to state any claim upon which relief may be granted. PLAINTIFFS apparently treat RENTTO PLC and the individuals DAVID and ROBERT as one and the same Defendant. [FAC ¶¶ 5, 6.] Out of an abundance of caution, this Motion to Dismiss will treat PLAINTIFFS' allegations against DAVID and ROBERT as if they were also brought against RENTTO PLC.

Over the course of months, PLAINTIFFS were properly served via the San Diego Sheriff with a notice of entry of judgment (filed January 7, 2019) [Affidavit of DAVID and ROBERT RENTTO ("DAVID and ROBERT Affidavit") ¶ 7; FAC ¶ 43, Exhibit O, pp. 152-62], writ of execution (issued May 21, 2019) [FAC ¶ 44, Exhibit P, pp. 163-66], and notice of levy (processed July 3, 2019) on HAGEN and SORRENTO's bank accounts, real property, and their business EUROMOTORWERKS [FAC ¶ 45, Exhibit

- 4 -

1  Q, pp. 167-69] in accordance with California state civil procedure. PLAINTIFFS

2  unsuccessfully moved to vacate the entry of the New York judgment in San Diego County

3  Superior Court. [DAVID and ROBERT Affidavit ¶¶ 9-12.] Instead of appealing the

4  matter, PLAINTIFFS fabricated causes of action to relitigate in federal court.

5      PLAINTIFFS' proper remedy to challenge the domestication of the New York

6  judgment, which it claims violates due process clause, would have been to file an appeal

7  in the Court of Appeal for the Fourth Appellate District of California. PLAINTIFFS have

8  circumvented the proper state court appeals process and are now attempting to re-litigate

9  in this federal Court the same underlying issues which were fully adjudicated against them

10 in the Superior Court of San Diego County under the guise of new claims supporting

11 federal question jurisdiction.

12      As established by the affidavit and documents subject to judicial notice, DAVID

13 and ROBERT arc California attorneys who are being sued in this action by their former

14 litigation opponents, HAGEN, SORRENTO, and EUROMOTORWERKS, for

15 groundless claims which arise from DAVID, ROBERT and RENTTO PLC's legal

16 representation of LCF in an underlying state judgment enforcement action: *Last Chance*

17 *Funding, Inc. v. Euro Motorwerks, LLC dba Euro Motorwerks and Richard John Hagen*,

18 San Diego County Superior Court, Case No. 37-2019-00000846-CU-EN-CTL (the

19 "Underlying Enforcement Action"). [DAVID and ROBERT Affidavit ¶ 2.] DAVID and

20 ROBERT's only relationship with PLAINTIFFS was serving as legal counsel for LCF in

21 the Underlying Enforcement Action, which involved the domestication and enforcement

22 of a New York judgment brought by LCF, the creditor, against PLAINTIFFS, the debtors,

23 in San Diego County Superior Court. [DAVID and ROBERT Affidavit ¶ 3.]

24 Subsequently, DAVID and ROBERT successfully defeated PLAINTIFFS' motion to

25 vacate the judgment and enforced LCF's New York judgment against PLAINTIFFS in

26 San Diego County Superior Court. [DAVID and ROBERT Affidavit ¶ 9-12.]

27      PLAINTIFFS' claims in this action are merely a means of rehashing the same

28 issues which were resolved by the San Diego County Superior Court in the Underlying

Enforcement Action, and are nothing more than retaliation for DAVID and ROBERT's, legal advocacy on behalf of their client LCF therein.

Pursuant to FRCP 12(b)(1), PLAINTIFFS' FAC should be dismissed on the grounds that PLAINTIFFS are attempting a *de facto* appeal from the San Diego County Superior Court's ruling in the Underlying Enforcement Action, and thus the *Rooker-Feldman* doctrine prohibits this Court from exercising subject-matter jurisdiction over PLAINTIFFS' claims.

Moreover, pursuant to FRCP 12(b)(6), PLAINTIFFS' FAC should be dismissed for failing to state a claim upon which relief may be granted, on the following grounds:

1) PLAINTIFFS' claims in the FAC arise from judicial proceedings in the Underlying Enforcement Action, and thus are barred as a matter of law by the *Noerr Pennington* doctrine;

2) PLAINTIFFS' state law claims in the FAC arise from DAVID and ROBERT's alleged representational misconduct in the Underlying Enforcement Action, and thus are barred as a matter of law by the California Civil Code § 47(b) "litigation privilege;"

3) PLAINTIFFS' claims under the FDCPA and Rosenthal Act are legally deficient because DAVID, ROBERT, and RENTTO PLC are not "debt collectors" as defined in those statutes;

4) PLAINTIFFS' claims under the FDCPA are also legally deficient because the debt enforced upon is commercial debt, not consumer debt; and

5) Because both the Underlying Enforcement Action and this federal action arise from the same "transactional nucleus of facts," PLAINTIFFS' FAC against DAVID, ROBERT, and RENTTO PLC is barred under the doctrine of res judicata;

It is clear that PLAINTIFFS' claims cannot be saved by amendment, and thus their FAC should be dismissed as against DAVID, ROBERT, and RENTTO PLC without leave to amend.

## II.   SUMMARY OF FACTS

A.   **The Underlying Enforcement Action:**

The Underlying Enforcement Action involved the domestication of a default judgment in San Diego County Superior Court, which was originally entered by LCF, the creditor, in the Supreme Court of New York, Nassau County, against HAGEN and EUROMOTORWERKS, the debtors. [DAVID and ROBERT Affidavit ¶ 2.]

PLAINTIFFS admit that Defendants DAVID, ROBERT, and RENTTO PLC were "not directly involved in the center of the racket." [FAC ¶ 43.] In fact, DAVID, ROBERT, and RENTTO PLC had no involvement in the underlying merchant agreement from LCF to PLAINTIFFS, LCF's collection efforts in New York, or the entry of default in New York. [DAVID and ROBERT Affidavit ¶¶ 6, 13.]

On December 5, 2017, EUROMOTORWERKS entered into a "Merchant Agreement" with LCF to sell its accounts receivable in the amount of $134,125 in exchange for LCF's payment of $92,500.  Pursuant to the agreement:

> In the event that Merchant breaches any of the covenants, representations or warranties set forth in the PSFRA, I in my individual capacity, and on behalf of Merchant hereby confess judgment and authorize entry of judgment in favor of Plaintiff and against Defendants in the … Supreme Court of the State of New York, County of Nassau, in the sum of $134,125.00 less any payments timely made pursuant to the PSFRA dated December 04, 2017, plus simple interest thereon at the annual ration of nine (9%) per annum from the date of default, plus Plaintiff a reasonable attorney's fees in the liquidated amount equal to 33.33% of the amount confessed for judgment hereunder.

[FAC, Exhibit G, § 5, p. 97.]

On January 18, 2018, ADAM J. FELDMAN of the FELDMAN LAW FIRM, P.C. filed an affidavit of default in the Supreme Court of New York, County of Nassau. [FAC, Exhibit H, p. 104-08.] On January 22, 2018, the Clerk of the Supreme Court of New York, County of Nassau issued a judgment against EUROMOTORWERKS and HAGEN. [FAC, Exhibit J, p. 110.]

1    On January 7, 2019, ROBERT filed an Application for Entry of Sister-State

2 Judgment in San Diego County Superior Court to begin the Underlying Enforcement

3 Action. [DAVID and ROBERT Affidavit ¶ 7.]

4  **B.  PLAINTIFFS' Motion to Vacate the Entry of Judgment in San Diego**
**County Superior Court:**

5

6    On January 25, 2019, PLAINTIFFS filed a motion to vacate the sister-state

7 judgment filed against HAGEN and EUROMOTORWERKS in San Diego County

8 Superior Court. [DAVID and ROBERT Affidavit ¶ 9.] PLAINTIFFS' 4-page motion

9 argued that, in accordance with the holding of *Isbell v. County of Sonoma*, 21 Cal.3d 61

10 (1978), a confession of judgment violates California's due process rights of notice and

11 opportunity for a fair hearing because it is entered without notice, hearing, or an

12 opportunity to defend, and that therefore the sister-state judgment should be vacated.

13 [DAVID and ROBERT Affidavit ¶ 10.]

14    ROBERT, DAVID, and RENTTO PLC, on behalf of LCF, argued in their

15 Opposition to PLAINTIFFS' Motion to Vacate Sister-State Judgment that confessions of

16 judgment from New York are entitled to full faith and credit in California if the debtor

17 knowingly and willingly waives their right to due process, as was the case in *Capital Trust*

18 *v. Tri-National Dev. Corp.*, 103 Cal.App.4th 824, 830-31 (2002), and as was the case

19 when PLAINTIFFS signed their confessions of judgment with LCF, and with

20 PLAINTIFFS' prior merchant agreement providers.

21    On April 25, 2019, the Honorable David M. Rubin of the San Diego County

22 Superior Court denied EUROMOTORWERKS and HAGEN's joint Motion to Vacate the

23 Sister-State judgment. [DAVID and ROBERT Affidavit ¶ 12.] Subsequently,

24 PLAINTIFFS did not appeal the denial of their Motion to Vacate the Sister-State

25 judgment in California's state appellate courts.

26    PLAINTIFFS filed their original Complaint for Damages in this Federal Court on

27 August 19, 2019, alleging the following causes of action: 1) Violation of Fourteenth

28 Amendment Due Process; 2) Violation of the Federal Trade Commission Act, Section 5;

- 8 -

3) Federal and California RICO Violations; 4) Usury; 5) Fair Debt Collection Practices Act, and Rosenthal Fair Debt Collection Practices Act; 6) Fraud; 7) Injunctive Relief; and 8) Declaratory Relief.

On August 27, 2019, PLAINTIFFS filed their First Amended Complaint ("FAC"), alleging the same causes of action, and including nearly identical allegations. PLAINTIFFS added the Defendants VADIM SEREBRO, ESQ. ("SEREBRO") and YELLOWSTONE CAPITAL WEST LLC ("YCW") and alleged that they too were involved in a "criminally usurious scheme" with the other named Defendants to defraud PLAINTIFFS of their assets. [FAC ¶ 49.] Ostensibly, after PLAINTIFFS were levied upon for their defaulted merchant cash advance from LCF, PLAINTIFFS entered into the same or similar type of agreement with YCW, also defaulted, and added YCW and its attorneys as defendants to stay debt collection proceedings. [FAC ¶¶ 49-52.]

PLAINTIFFS' due process and fraud arguments in alleging the above mentioned causes of action are merely a means of rehashing the same issues which were resolved by the San Diego County Superior Court in the Underlying Enforcement Action, and are nothing more than retaliation for DAVID, ROBERT, and RENTTO PLC's legal advocacy on behalf of their client LCF therein.

## III.   LEGAL ARGUMENT

**A.   PURSUANT TO FRCP 12(b)(1), PLAINTIFFS' FAC AGAINST DAVID, ROBERT, AND RENTTO PLC SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION UNDER THE *ROOKER-FELDMAN* DOCTRINE:**

### 1.   The legal standard for a motion to dismiss under FRCP 12(b)(1):

Pursuant to FRCP 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. Subject matter jurisdiction is fundamental and "the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Billingsley v. Comm'r*, 868 F.2d 1081, 1085 (9th Cir. 1989). A federal court is presumed to lack subject matter jurisdiction until the contrary

1  affirmatively appears. *Stock W, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th
2  Cir. 1989).

3       "A motion to dismiss for lack of subject matter jurisdiction may either attack the
4  allegations of the complaint or may be made as a 'speaking motion' attacking the
5  existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. &*
6  *Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In resolving a factual attack on
7  jurisdiction, the district court may review evidence beyond the complaint without
8  converting the motion to dismiss into a motion for summary judgment." *Safe Air for*
9  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Once the moving party has
10  converted a motion to dismiss into a factual motion by presenting affidavits or other
11  evidence properly before the court, the opposing party must furnish affidavits or other
12  evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Ibid.*

13       The court then proceeds to weigh the evidence, and resolve any factual disputes on
14  its own. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  If, in its discretion,
15  a court finds it necessary, it may hold evidentiary hearings, in which case the "court need
16  not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039.

17       "Unlike a motion under FRCP 12(b)(6), however, the Court is not required to
18  accept all of the non-moving party's factual allegations as true. Instead, the party moving
19  under Rule 12(b)(1) may submit evidence indicating that the court lacks subject matter
20  jurisdiction." *Friends of Frederick Seig Grove 94 v. Sonoma County Water Agency*, 124
21  F.Supp.2d 1161, 1164 (N.D. Cal. 2000).

22       "It then becomes necessary for the party opposing the motion to present affidavits
23  or any other evidence necessary to satisfy its burden of establishing that the court, in fact,
24  possesses subject matter jurisdiction." *Association of Am. Med. Colleges v. United States*,
25  217 F.3d 770, 778 (9th Cir. 2000) [noting that a district court "obviously does not abuse
26  its discretion by looking to this extra-pleading material in deciding the issue, even if it
27  becomes necessary to resolve factual disputes"].

28

2.   **PLAINTIFFS are attempting a _de facto_ appeal from the San Diego County Superior Court's prior judgment in the Underlying Enforcement Action, and thus the _Rooker-Feldman_ doctrine prohibits this Court from exercising subject-matter jurisdiction over PLAINTIFFS claims:**

The _Rooker-Feldman_ doctrine prohibits this Court from exercising subject-matter jurisdiction over PLAINTIFFS' claims. The _Rooker–Feldman_ doctrine is derived from two United States Supreme Court cases: _District of Columbia Ct. of Appeals v. Feldman_, 460 U.S. 462, 483 n. 16 (1983); and _Rooker v. Fidelity Trust Co._, 263 U.S. 413, 416 (1923). The _Rooker–Feldman_ doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear _de facto_ appeals from state court judgments." _Carmona v. Carmona_, 603 F.3d 1041, 1050-51 (9th Cir. 2010); _see Dubinka v. Judges of Sup.Ct._, 23 F.3d 218, 221 (9th Cir. 1994) ["Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions."].

Under the _Rooker–Feldman_ doctrine, a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced, and inviting district court review and rejection of those judgments." _Exxon Mobil Corp. v. Saudi Basic Indus. Corp._, 544 U.S. 280, 284 (2005). The _Rooker–Feldman_ doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. _Doe & Assoc. Law Offices v. Napolitano_, 252 F.3d 1026, 1030 (9th Cir. 2001).

The _Rooker–Feldman_ doctrine prohibits "a direct appeal from the final judgment of a state court." _Noel v. Hall_, 341 F.3d 1148, 1158 (9th Cir. 2003). The doctrine "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a _de facto_ appeal from a state court judgment." _Reusser v. Wachovia Bank, N.A._, 525 F.3d 855, 859 (9th Cir. 2008). "A suit brought in federal district court is a '_de facto_ appeal' forbidden by _Rooker–Feldman_ when 'a federal plaintiff asserts as a

- 11 -

1  legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state

2  court judgment based on that decision.'" *Carmona, supra*, 603 F.3d at 1050.

3      Here, PLAINTIFFS conveniently omitted from the FAC allegations regarding their

4  failed motion to vacate the judgment in state court, apparently in an attempt to conceal

5  that PLAINTIFFS are raising the same legal arguments from their lost motion now in

6  federal court, as if for the first time.

7      "[T]he *Rooker–Feldman* doctrine bars federal courts from exercising subject-

8  matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what

9  in substance would be appellate review of the state judgment in a United States district

10  court, based on the losing party's claim that the state judgment itself violates the loser's

11  federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005), quoting *Johnson v.

12  DeGrandy*, 512 U.S. 997, 1005–06 (1994), *cert. denied*, 547 U.S. 1111 (2006). "[A]

13  federal district court dealing with a suit that is, in part, a forbidden *de facto* appeal from

14  a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that

15  refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably

16  intertwined' with an issue resolved by the state court in its judicial decision." *Id.* at 1043;

17  see also *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) [stating that "claims

18  raised in the federal court action are 'inextricably intertwined' with the state court's

19  decision such that the adjudication of the federal claims would undercut the state ruling

20  or require the district court to interpret the application of state laws or procedural rules"].

21      Here, through artful pleading, PLAINTIFFS are misusing this Federal Court as a

22  *de facto* court of appeal for the same issues that they already litigated in the San Diego

23  County Superior Court in the Underlying Enforcement Action. PLAINTIFFS raise

24  through conclusory allegations in their FAC the same arguments they postured in their

25  Motion and Reply papers ("Moving Papers") of their Motion to Vacate Sister-State

26  Judgment. For example, PLAINTIFFS argued in their Moving Papers that:

27

28

DEFENDANTS DAVID A. RENTTO, ROBERT L. RENTTO, AND RENTTO PLC'S NOT. OF MOTION AND
MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

- *Isbell v. County of Sonoma*, 21 Cal.3d 61, 71 (1978) established that confessions of judgment are "inherently unconstitutional due to lack of due process afforded" [Reply Brief, p. 1.]; and

- Domestication would be improper because the Merchant Agreements were "take it or leave it" with unconscionable terms such as excessive attorney's fees and penalties; HAGEN did not voluntarily waive his due process rights; HAGEN did not retain an attorney to review the Merchant Agreement; and HAGEN was not a large corporation, but rather an unsophisticated party. [Reply Brief, pp. 3-8.]

The merits of PLAINTIFFS' arguments in the Underlying Enforcement Action are not relevant and beyond the scope of this motion. However, PLAINTIFFS bring the same underlying arguments and allegations in their FAC in this Federal Court: that the underlying merchant agreement from LCF to EUROMOTORWERKS was unconscionable and in violation of California and federal due process:

- "Plaintiffs were not in an equal bargaining position with the Defendants at the time that these predatory loans were negotiated and executed." [FAC ¶15.]

- "Plaintiffs were not represented by independent legal counsel at the time that these predatory loans were negotiated and executed." [FAC ¶15.]

- "Plaintiffs were not advised that they would be voluntarily waiving their due-process rights of notice and an opportunity to be heard before a court can enter a judgment by confession." [FAC ¶15.]

- PLAINTIFFS also cite to the *Isbell* case in multiple allegations. [FAC ¶¶17, 52, 53, 112.]

Under color of federal question claims, apparently unsatisfied that their due process argument was lost in state court, PLAINTIFFS now also allege that PLAINTIFFS' acceptance of the Merchant Agreements was fraudulently induced by all Defendants in

1   this action, including ROBERT, DAVID, and RENTTO PLC, acting in concert through

2   a conspiracy to profit from PLAINTIFFS' default under the Merchant Agreements.

3       Thus, PLAINTIFFS' claims in this action are merely a means of rehashing the same

4   issues which were adjudicated by the San Diego County Superior Court, in the Underlying

5   Enforcement Action. PLAINTIFFS are asking this Court to review the ruling by the San

6   Diego County Superior Court in the Underlying Enforcement Action. The *Rooker-*

7   *Feldman* doctrine prohibits this Court from exercising subject-matter jurisdiction over

8   PLAINTIFFS' claims against DAVID, ROBERT, and RENTTO PLC herein.

9   Accordingly, PLAINTIFFS' FAC must be dismissed.

10  **B.   PURSUANT TO FRCP 12(b)(6), THE FAC SHOULD BE DISMISSED FOR**

11  **FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

12      **1.   The legal standard for a motion to dismiss pursuant to FRCP 12(b)(6):**

13      The standard to be applied to a motion to dismiss for failure to state a claim upon

14  which relief can be granted, pursuant to FRCP 12(b)(6) is well-established:  A complaint

15  may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in

16  support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46

17  (1957); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980). Furthermore, dismissal

18  is proper if the complaint lacks an allegation regarding a required element necessary to

19  obtain relief, and a Rule 12(b)(6) motion should also be granted if an affirmative defense

20  or other bar to relief is apparent from the face of the complaint. *Balistreri v. Pacifica*

21  *Police Department*, 855 F.2d 1421, 1424 (9th Cir. 1988).

22      "Although plaintiffs need to provide only a 'short and plain statement of the claim'

23  [pursuant to FRCP 8] ... Where the claims in a complaint are insufficiently supported by

24  factual allegation, the claims may be disposed of by summary dismissal." *Stinson v. Home*

25  *Insurance Co.*, 690 F.Supp. 882, 886 (N.D. CA 1988); see also *Dack v. Shanman*, 227

26  F.Supp. 26, 30 (S.D.N.Y. 1964) [Dismissing complaint where count was so sketchy as to be

27  unintelligible].

28

1    While all well-pled facts in the complaint are taken to be true in ruling on a motion

2 to dismiss, conclusory allegations are disregarded. *Balistreri, supra,* 855 F.2d at 1424;

3 *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987). A plaintiff cannot avoid this bar

4 by clothing legal conclusions in the guise of facts to take advantage of the liberality with

5 which the court would otherwise view its pleading. *Western Mining Council v. Watt*, 643

6 F.2d 618, 624 (9th Cir. 1981). As recently stated by the U.S. Supreme Court: "Factual

7 allegations must be enough to raise a right to relief above the speculative level." *Bell*

8 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007); *accord Ashcroft*

9 *v. Iqbal*, 129 S. Ct. 1937 (2009) [Holding that the pleading standards of *Twombly* apply

10 to <u>all</u> civil cases, not just antitrust cases]. Moreover, the Court is not limited to the

11 allegations of the complaint in ruling on a motion to dismiss, but may also consider any

12 documents attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267

13 (9th Cir. 1987).

14    Here, it is readily apparent the FAC falls far short of the pleading requirements to

15 survive an FRCP 12(b)(6) motion to dismiss.

16    **2.    PLAINTIFFS' claims against DAVID, ROBERT, and RENTTO PLC**
**arise from judicial proceedings in the Underlying Enforcement Action,**
17    **and thus are barred as a matter of law by the *Noerr–Pennington***
**doctrine:**
18

19    The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of

20 "the right of the people . . . to petition the Government for a redress of grievances."

21 Essentially, the *Noerr-Pennington* doctrine is a rule of statutory construction, applicable

22 to any federal statute that might potentially undermine the rights protected by the Petition

23 Clause. *Sosa v. DirectTV, Inc.*, 437 F.3d 923, 929 (9th Cir.2006). The *Noerr-Pennington*

24 doctrine holds that "[t]hose who petition government for redress are generally immune

25 from antitrust liability." *Professional Real Estate Investors, Inc. v. Columbia Pictures*

26 *Industries, Inc.*, 508 U.S. 49, 56 (1993). While it arose in the context of antitrust law, the

27 *Noerr-Pennington* doctrine has been greatly expanded to include all fields of law:

28

> The same philosophy governs the approach of citizens or groups of them to administrative agencies (which are both creatures of the legislature, and arms of the executive) and to courts, the third branch of Government. Certainly the right to petition extends to all departments of the Government. The right of access to the courts is indeed but one aspect of the right of petition.

*California Transport v. Trucking Unlimited*, 404 U.S. 508, 512 (1972).

Under the *Noerr-Pennington* doctrine, those who petition the government for redress are immune from statutory liability for their petitioning conduct. *Empress LLC v. City & County of S.F.*, 419 F.3d 1052, 1056 (9th Cir.2005). In this way, the *Noerr-Pennington* doctrine is analogous to California's anti-SLAPP statute, but applicable to federal claims. *Kearney v. Foley and Lardner*, 553 F.Supp.2d 1178, 1181 (S.D. Cal. 2008); *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.*, 136 Cal.App.4th 464, 480 (2006).

The *Noerr-Pennington* doctrine provides immunity for "virtually any tort, including unfair competition and interference with contract." *Ludwig v. Superior Court*, 37 Cal.App.4th 8, 21-22 (1995). In *Ludwig*, the court explained:

> Obviously, the principle of constitutional law that bars litigation arising from injuries received as a consequence of First Amendment petitioning activity [should be applied], regardless of the underlying cause of action asserted by the plaintiffs. [T]o hold otherwise would effectively chill the defendants' First Amendment rights.

*Ludwig*, 37 Cal.App.4th at 21, fn. 17.

Additionally, like the California anti-SLAPP statute [Code of Civil Procedure § 425.16], the *Noerr-Pennington* doctrine not only protects petitioning activity, but also "activity incidental to and in anticipation of petitioning activity." *Theme Prods., Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008).

It is well established that communications related to litigation are sufficiently within the protection of the Petition Clause to trigger the *Noerr-Pennington* doctrine. *See, e.g.*, *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1185 (9th Cir. 2005) [*Noerr-Pennington* doctrine barred plaintiffs' claims against law firms and attorneys predicated

- 16 -

1  on alleged discovery misconduct, subornation of perjury and witness intimidation in prior
2  action]; *Columbia Pictures Industries, Inc. v. Professional Real Estate Investors, Inc.*,
3  944 F.2d 1525, 1528 (9th Cir. 1991) [plaintiff's refusal to settle the case was protected
4  because the decision to accept or reject a settlement offer is "incidental" to the prosecution
5  of a lawsuit "and not a separate and distinct activity which might form the basis for
6  antitrust liability"]; *Premier Med. Mgmt. Sys., Inc. v. California Ins. Guar. Ass'n*, 136
7  Cal.App.4th 464, 479 (2006) [*Noerr-Pennington* doctrine disposed of entire complaint
8  where defendants' successful prosecution of prior litigation was the basis for the lawsuit].

9      Upon examination of the FAC and matters of which the Court may take judicial
10  notice, PLAINTIFFS' claims against DAVID, ROBERT, and RENTTO PLC arise
11  entirely from their legal representation of their client, LCF, in the Underlying
12  Enforcement Action, and DAVID, ROBERT, and RENTTO PLC's related litigation
13  related actions or communications. [DAVID and ROBERT Affidavit ¶¶ 3, 13.]
14  PLAINTIFFS' allegations in the FAC are a direct result of the judicial proceedings in the
15  Underlying Enforcement Action, which clearly constitute protected petitioning activity
16  under the *Noerr-Pennington* doctrine.

17      Thus, as a matter of law, the *Noerr-Pennington* doctrine cloaks DAVID, ROBERT,
18  and RENTTO PLC with immunity and mandates dismissal of all of PLAINTIFFS claims
19  against them.

20      **3.   PLAINTIFFS' state law claims against DAVID, ROBERT, and
            RENTTO PLC arise from their alleged representational misconduct in
21          the Underlying Enforcement Action, and thus are barred as a matter
            of law by the California Civil Code § 47(b) "litigation privilege":**
22

23  PLAINTIFFS' FAC alleges three pendant state law claims against DAVID,
24  ROBERT, and RENTTO PLC: California RICO violations, violations of the Rosenthal
25  Fair Debt Collection Practices Act, and fraud. Notwithstanding the fact that *all* of
26  PLAINTIFFS' claims against DAVID, ROBERT, and RENTTO PLC are barred by the
27  *Noerr-Pennington* doctrine, PLAINTIFFS' state law claims are additionally barred as a
28  matter of law by the California Civil Code § 47(b) "litigation privilege," which renders

DAVID, ROBERT, and RENTTO PLC absolutely immune from any civil tort liability for any communications made during and in furtherance of the Underlying Enforcement Action.

The Section 47(b) litigation privilege broadly protects any communication or communicative act made during any official proceeding authorized by law:

> A privileged publication or broadcast is one made:
>
> (a)    In the proper discharge of an official duty.
>
> (b)    In any (1) legislative proceeding, (2) judicial proceeding,
>
> (3)    in any other official proceeding authorized by law, or
>
> (4)    in the initiation or course of any other proceeding authorized by law.

The Section 47(b) litigation privilege operates as an absolute limit on liability, regardless of whether the defendant possesses wrongful intent, motivation, or malice. *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990). Whether a defendant's conduct is privileged is determined as a matter of law by the court. *Hunsucker v. Sunnyvale Hilton Inn*, 23 Cal.App.4th 1498, 1501 (1994). The litigation privilege is extremely broadly construed to prevent, as a matter of law, "secondary" lawsuits which arise solely from communications or communicative acts related to litigation or other official proceedings. *Rubin v. Green*, 4 Cal.4th 1187, 1196-1198 (1993).

The litigation privilege is broadly applied even where the publication is not "pertinent, relevant, or material in a technical sense to any issue in the action; it need only have some connection or relation to the proceedings." *Portman v. George McDonald Law Corp.*, 99 Cal.App.3d 988, 991-92 (1979). "The privilege applies to any type of injury resulting from publications within a protected proceeding of an injurious falsehood." *Rosenthal v. Irell & Manella*, 135 Cal.App.3d 121, 127 (1982). The privilege covers not only communications made during an actual official proceeding authorized by law, but also to statements, communications, court filings, and other related communicative acts

1  made outside of the strict confines of the proceeding. *Block v. Sacramento Clinical Labs,*
2  *Inc.,* 131 Cal.App.3d 386, 390-91 (1982).

3      The principal rationale for the litigation privilege is to "afford litigants... the utmost
4  freedom... without fear of being harassed subsequently by derivative tort actions," and to
5  "promote the effectiveness of judicial proceedings by encouraging attorneys to zealously
6  protect their clients' interests." *Silberg, supra,* 50 Cal.3d at 213-214. The California
7  Supreme Court has held that the litigation privilege operates as an absolute limitation
8  upon liability, regardless of whether the defendant possesses wrongful intent, motivation,
9  or malice: "the 'without malice' requirement applies only to those allegations against
10 correspondents published in the pleadings and affidavits filed in dissolution proceedings
11 and that, otherwise the Legislature intended section 47(2) [now Section 47(b)] to apply to
12 all publications, irrespective of their maliciousness." *Ibid.,* at 215-16. The litigation
13 privilege operates to bar all torts, except for malicious prosecution. *Ibid.,* at 212.

14     The Court in *Silberg* held that four elements must be met for conduct to fall within
15 the immunity of Section 47(b): the allegedly wrongful communication must be "(1) made
16 in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized
17 by law; (3) to achieve the objects of the [proceedings]; and (4) [have] some connection or
18 logical relation to the action." *Silberg, supra,* 50 Cal.3d at 212.

19     In this action, there is no question that the Section 47(b) litigation privilege defeats,
20 as a matter of law, all of PLAINTIFFS' claims against DAVID, ROBERT, and RENTTO
21 PLC. The allegedly wrongful communications were indeed "made in judicial or quasi-
22 judicial proceedings," namely, the San Diego County Superior Court judgment
23 enforcement proceedings and opposing PLAINTIFFS' motion to vacate the judgment in
24 the Underlying Enforcement Action. [DAVID and ROBERT Affidavit ¶ 3.] The
25 communications were made "by litigants or other participants authorized by law":
26 DAVID, ROBERT, and RENTTO PLC represented LCF in the course of the Underlying
27 Enforcement Action. *Ibid.*

28

1     The last two elements of the four part test are in essence part of a single requirement

2  that the "communication be connected with or have some logical relation" to an action.

3  *Silberg, supra*, at 219-20. If there is any question as to whether the attorney's

4  communicative acts "relate" to a proceeding, the presumption is that they do, and all

5  doubts are resolved in favor of relevancy. *Thornton v. Rhodan*, 245 Cal.App.2d 80, 93

6  (1966). All of PLAINTIFFS' claims against DAVID, ROBERT, and RENTTO PLC arise

7  from DAVID and ROBERT's communications or communicative conduct in the

8  Underlying Enforcement Action, which were clearly to "achieve the objects of the

9  proceedings" and had "some connection or logical relation" to them: the object of the

10  proceedings was to defend against PLAINTIFFS' motion to vacate the entry of default

11  judgment against and enforce the out-of-state judgment against PLAINTIFFS in

12  California. All of DAVID and ROBERT's allegedly wrongful communications were

13  directly related to those proceedings and the objects therein. [DAVID and ROBERT

14  Affidavit ¶ 3.] PLAINTIFFS' only factual allegations regarding DAVID and ROBERT

15  are about their filings – enforcement of judgment [FAC ¶ 35], writ of execution [FAC ¶

16  36], and notice of levy. [FAC ¶ 37.]

17     PLAINTIFFS attempt to allege causes of action against DAVID, ROBERT, and

18  RENTTO PLC by falsely accusing them of conduct falling outside of the litigation

19  privilege. However, PLAINTIFFS failed to allege any specific facts regarding DAVID

20  and ROBERT's acts prior in time to their San Diego Superior Court filings, and therefore

21  PLAINTIFFS lack support for their claim that DAVID, ROBERT, and RENTTO PLC

22  had any involvement in LCF's alleged "usurious scheme" to procure the judgment against

23  PLAINTIFFS in New York by fraudulent or otherwise wrongful measures. "To survive a

24  motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

25  'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

26  (2009). Here, PLAINTIFFS only alleged conclusory statements and failed to allege

27  sufficient factual matter to show that Defendants DAVID, ROBERT, and RENTTO PLC

28

1    are culpable of conduct giving rise to causes of action for federal and state RICO

2    violations, the Fair Debt Collection Practices Act, the Rosenthal Act, or fraud.

3          PLAINTIFFS alleged contradictory facts stating on the one hand that "the Rentto

4    defendants were not directly involved in the center of the racket" but **must be enjoined**

5    **from becoming co-conspirators** in the outer rungs of the racket." [FAC ¶ 43], emphasis

6    added], and stating on the other hand that "Defendants have through a 'pattern and

7    practice' of racketeering activity acquired or maintained...an interest in or control of an

8    enterprise, property, including personal property, through the activities alleged herein,"

9    and "Defendants have conspired with each other to commit the wrongful acts alleged

10   herein and has committed overt acts in furtherance of this conspiracy and have received

11   a benefit from them." [FAC ¶ 75.]

12         PLAINTIFFS falsely alleged that DAVID and ROBERT are "legal enablers" of

13   LCF's "fraudulent, usurious scheme." [FAC ¶¶ 5, 6.] They enabled LCF only to the extent

14   they enforced a judgment against PLAINTIFFS through filings and court proceedings in

15   San Diego Superior Court, which conduct is protected by the litigation privilege. DAVID,

16   ROBERT, and RENTTO PLC had no involvement in drafting or negotiating terms of the

17   underlying merchant agreement to PLAINTIFFS which ultimately gave rise to the default

18   judgment. [DAVID and ROBERT Affidavit ¶¶ 6, 13.]

19         Moreover, it is irrelevant whether DAVID and ROBERT's communications or

20   conduct in the Underlying Enforcement Action were malicious or even criminal in nature,

21   as *Silberg* followed a large body of authority in which malicious and/or criminal conduct,

22   when in the form of a communication made during litigation or an official proceeding,

23   was nonetheless privileged under Section 47(b): *Carden v. Getzoff* (1987) 190 Cal.App.3d

24   907, 915 [even malicious publications, including injurious perjury and the suborning of

25   such perjury, are protected under Section 47(b)]; *Steiner v. Eikerling* (1986) 181

26   Cal.App.3d 639, 642-642 [the submission of a forged document to a court and the actual

27   act of forgery were privileged under Section 47(b)]; and *Pettitt v. Levy* (1972) 28

28

DEFENDANTS DAVID A. RENTTO, ROBERT L. RENTTO, AND RENTTO PLC'S NOT. OF MOTION AND
MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

1  Cal.App.3d 484, 489 [Section 47(b) applies to perjured testimony and forgery of

2  documents].

3      With the sole exception of maliciously filing and prosecuting a civil action, which

4  is not at issue or alleged here, attorneys are absolutely protected when they zealously put

5  forward and attempt to protect their client's interest, even when doing so causes injury

6  adverse parties. *Silberg, supra*, at 213-215 [Noting that the litigation privilege bars claims

7  for abuse of process].

8      The federal courts of this state have specifically found that the California litigation

9  privilege bars claims asserted under the Rosenthal Act when the alleged misconduct is

10 limited to the context of filing and prosecuting a state court action to recover the debt.

11 *See*, e.g. *Boon v. Prof'l Collection Consultants*, 958 F.Supp.2d 1129, 1133 (S.D. Cal.

12 2013); *Lopez Reyes v. Kenosian & Miele, LLP*, 525 F.Supp.2d 1158, 1164 (N.D. Cal.

13 2007).

14     PLAINTIFFS made no specific factual allegations regarding conduct violative of

15 the Rosenthal Act occurring outside of the context of the Underlying Enforcement Action.

16 PLAINTIFFS' state law claims in the FAC arise from DAVID and ROBERT's alleged

17 representational communications or communicative conduct in the Underlying

18 Enforcement Action, and thus are barred as a matter of law by Section 47(b) litigation

19 privilege.

20     **4.   PLAINTIFFS' claims against DAVID, ROBERT, and RENTTO PLC**
           **under the FDCPA and Rosenthal Act are legally deficient because they**
21         **are not "debt collectors":**

22     To be held liable for violations of the FDCPA, a defendant must - as a threshold

23 requirement - fall within the Act's definition of "debt collector." *Heintz v. Jenkins*, 514

24 U.S. 291, 294 (1995); *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1146 (9th

25 Cir. 1998).

26     While the FDCPA *can* govern attorney conduct, it can only do so when the attorney

27 is in fact acting as a debt collector within the meaning of 15 U.S.C. § 1692a(6). *Heintz v.*

28 *Jenkins*, 514 U.S. 291, 295 (1995); *Romine v. Diversified Collection Servs.*, 155 F.3d

1142, 1146 (9th Cir. 1998); *Ines v. Countrywide Home Loans*, 2008 WL 4791863 at *3-4 (S.D. Cal. Nov. 3, 2008) [Holding that complaint must allege *facts* to show that defendant is a debt collector within the scope of the FDCPA and has violated its provisions, mere conclusions will not suffice].

The term "debt collector" is specifically defined by 15 U.S.C. § 1692a(6) to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." [emphases added]. Obviously, the original merchant agreement provider cannot be considered a debt collector. 15 U.S.C. § 1692a(6) because the debts are not "owed or due another."

PLAINTIFFS have not alleged any facts claiming DAVID, ROBERT, or their law firm RENTTO PLC to be "debt collectors". Indeed, PLAINTIFFS cannot assert any pertinent facts because DAVID and ROBERT are not "regularly" in the business of collecting the debts of another, and the principal purpose of their business is to provide legal services, not to collect debts. In their law practice DAVID and ROBERT enforce judgments on commercial debt only, not consumer debt. [DAVID and ROBERT Affidavit ¶¶ 4-5.] Therefore, PLAINTIFFS failed to plead an essential element of the cause of action for violations of the FDCPA.

PLAINTIFFS' FAC pleads a supplemental state law claim against DAVID, ROBERT, and RENTTO PLC for violations of the Rosenthal Act, as codified by California Civil Code § 1788 *et seq.* However, under express definitions set forth in the Rosenthal Act, the term "debt collector" does not include an attorney:

> The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but **does not include an attorney or counselor at law**.

California Civil Code § 1788.2(c) [emphasis added]; *see also Huy Thanh Vo v. Nelson & Kennard*, 931 F.Supp.2d 1080, 1090 (E.D. Cal. 2013) [According to Civil Code § 1788.2(c), the term "debt collector" does not include an attorney or counselor at law.]

DAVID and ROBERT are California attorneys and their only connection with PLAINTIFFS was serving as counsel to represent LCF in the Underlying Enforcement Action. [DAVID and ROBERT Affidavit ¶¶ 3, 6.] Thus, PLAINTIFFS' claim against DAVID, ROBERT, and RENTTO PLC for violations of the Rosenthal Act is subject to dismissal because they are not "debt collector[s]" under § 1788.2(c).

5.   **PLAINTIFFS' claims under the FDCPA are legally deficient because the defaulted debt is not "consumer debt", as defined in the FDCPA:**

Pursuant to the FDCPA, "the term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are **primarily for personal, family, or household purposes**, whether or not such obligation has been reduced to judgement." 15 U.S.C. § 1692a(5) (emphasis added). "Consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

PLAINTIFFS want to force the FDCPA onto this factual scenario through artfully pleading that LCF proceeding against HAGEN personally (in addition to EUROMOTORWERKS) for his business debt somehow brings DAVID and ROBERT's conduct in the Underlying Enforcement Action within the purview of the FDCPA, but the allegations consist only of conclusions and arguments for which there is no legal support. PLAINTIFFS allege over and over throughout the FAC that state usury prohibitions and the FDCPA consumer protections apply because HAGEN cosigned and guaranteed the merchant cash advances as an individual. [FAC ¶ 24, 28, 32, 35, 47, 64, 65, 68, 69, 88, 93, 96, 103, 133b.]

The word "individual" in the Merchant Agreements has no bearing on the primary purpose of the agreement. "When classifying a loan, courts typically 'examine the

1  transaction as a whole,' paying particular attention to 'the purpose for which the credit
2  was extended in order to determine whether [the] transaction was primarily consumer or
3  commercial in nature.'" *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992).
4  "The Act characterizes debts in terms of end uses, covering debts incurred 'primarily for
5  personal, family or household purposes.' Neither the lender's motives nor the fashion in
6  which the loan is memorialized are dispositive of this inquiry." *Ibid.* Merchant agreements
7  can be extended to individuals, but that does not make them consumer agreements. *Ibid.*
8  at 1069 [finding that loan between two individuals, where one invested the money in a
9  software company, was a business loan under the FDCPA.]

10  PLAINTIFFS did not allege any facts to show that any party subject to the
11  Merchant Agreements, HAGEN, EUROMOTORWERKS, or LCF, ever intended the
12  transaction to be primarily for household purposes. HAGEN clearly procured the
13  Merchant Agreement from LCF for his business EUROMOTORWERKS, and not for
14  "personal, family, or household purposes". In fact, PLAINTIFFS pleaded:
15  "Plaintiffs...were in need of some capital investment...to fund ongoing business
16  operation, purchase equipment and other assets to fund the capital needs of their
17  businesses." [FAC ¶ 16.]

18  PLAINTIFFS refer to the Merchant Agreements as "consumer/business loans"
19  [FAC ¶ 20] and claim they were fraudulently induced to assume individual responsibility
20  for the debts of their business so that they "were entering individual loans" by mistake
21  "under the guise of being business related loans." [FAC ¶ 20.] The allegations taken as
22  true do not alter the purpose of the Merchant Agreements. By indication of their title
23  alone, the Merchant Agreements [FAC Exhibits F-G] were not "primarily for personal,
24  family or household purposes," but instead intended to benefit HAGEN's business
25  EUROMOTORWERKS.

26  Therefore, the FDCPA is inapplicable to the Merchant Agreements between LCF
27  and PLAINTIFFS, and the claims against DAVID, ROBERT, and RENTTO PLC for
28  FDCPA violations is subject to dismissal.

- 25 -

**6.** **Because both the Underlying Enforcement Action and this federal action arise from the same "transactional nucleus of facts," PLAINTIFFS' FAC against DAVID, ROBERT, and RENTTO PLC is barred under the doctrine of res judicata:**

Three elements constitute a successful res judicata defense: "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002). The fact that res judicata depends on an "identity of claims" does not mean that an imaginative plaintiff may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-1078 (9th Cir. 2003). Rather, "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.' Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Ibid.*

"Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).

Federal courts, as a rule, should accord full res judicata effects to prior state court adjudications. *Red Fox v. Red Fox*, 564 F.2d 361, 364 (9th Cir. 1977). Res judicata rests on the public policy favoring an end to mere contentious litigation. *Stevenson v. International Paper Co.*, 516 F.2d 103, 109 (5th Cir. 1975). Justice requires the removal of the threat of repetitive litigation of the same causes of action. *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948).

Here, after unsuccessfully moving to vacate the judgment enforced against PLAINTIFFS in San Diego County Superior Court, PLAINTIFFS are again raising the

- 26 -

1  same legal issues and suing DAVID, ROBERT, and RENTTO PLC in this Court for
2  alleged wrongdoing arising from the same "transactional nucleus of facts," i.e. the facts
3  giving rise to LCF's original default judgment against PLAINTIFFS in New York. The
4  San Diego Superior Court rejected PLAINTIFFS' arguments of violation of due process
5  and fraudulent misrepresentation made in support of their motion to vacate the judgment
6  in the Underlying Enforcement Action.  Thus, because both the Underlying Enforcement
7  Action and this federal action clearly arise from the same "transactional nucleus of facts,"
8  PLAINTIFFS' FAC against DAVID, ROBERT, and RENTTO PLC is barred under the
9  doctrine of res judicata.

10  **C.   PLAINTIFFS' FAC CANNOT BE SAVED BY AMENDMENT, THUS DISMISSAL WITHOUT LEAVE TO AMEND IS WARRANTED:**

11
12      Dismissal without leave to amend is appropriate where a complaint cannot be saved
13  by any amendment. *Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007). Even
14  a pro se complaint may be dismissed with prejudice where it is "absolutely clear that the
15  deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809
    F.2d 1446, 1448-49 (9th Cir. 1987).
16
17      Here, it is clear from the face of the FAC, the documents subject to judicial notice,
18  the nature of the claims against DAVID, ROBERT, and RENTTO PLC, and the
19  applicable legal defenses that the FAC cannot be saved by any amendment, and should
    therefore be dismissed without leave to amend.
20
21                              **IV.   CONCLUSION**
22      Based upon the foregoing, Defendants DAVID, ROBERT, and RENTTO PLC
23  respectfully request that the Court grant this Motion to Dismiss pursuant to FRCP
24  12(b)(1) and/or 12(b)(6), without leave to amend.

25  Dated: September 25, 2019              MURPHY, PEARSON, BRADLEY & FEENEY
26
27
28

1

2          By _____ */s/ John P. Girarde* _____

3                John P. Girarde
                 Attorneys for Defendants
4                DAVID A. RENTTO, ROBERT L. RENTTO,
                 and RENTTO & RENTTO PLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS DAVID A. RENTTO, ROBERT L. RENTTO, AND RENTTO PLC'S NOT. OF MOTION AND
MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)